PAULINE S. MURRAY v. J. T. WILCOX, Appellant.

**Service on Non-Resident:** EXEMPTION. Where a nonresident is a party to an action pending in the courts of this state, he is privileged from the service of civil process in another action, while in good faith attending at the trial, and when service has been made under such circumstances, the proper remedy is a motion to set it aside.

*Appeal from Story District Court.*—HON. W. S. KENYON, AND HON. J. H. RICHARD, Judges.

SATURDAY, JANUARY 16, 1904.

ON January 1, 1902, the plaintiff filed her petition alleging that defendant had promised to marry her, and because of his failure to comply she had been greatly damaged. The original notice was duly served in Story county, and on the 14th day of the same month the defendant filed a motion to set aside the service, and that he be discharged on three grounds: (1) That the court had no jurisdiction of his person; (2) that the service of the notice conferred no such jurisdiction; and (3) that defendant, when served with the original notice, was exempt from service of civil process or notice in Iowa, and especially in Story county. This motion was supported by an affidavit of defendant to the effect that since September 1, 1901, he had been a *bona fide* resident of Nebraska, with home at Wood River, in that state; that at the August, 1901, term of the district court of Story county, two indictments for felonies had been returned by the grand jury against him, on which a requisition had issued by the Governor of this state; that by virtue thereof he was arrested in Nebraska, and brought to Story county, where he gave bail for his appearance, and then returned to his home; that at the

October, 1901, term of court in said county said indictments were set for trial; that for the sole and only purpose of attending as a party and as a witness in his own behalf he returned from his home in Nebraska to Story county on the 23d of October 1901, and on that day was put on trial for the offense charged in one of the indictments and acquitted; that thereupon the other indictment was dismissed; that he intended and did return to his home at Wood River, Neb., on the first railroad train leaving in that direction after these proceedings, but before he could do so the original notice herein was served upon him. This motion was overruled, Judge Kenyon then presiding, and at a subsequent term of court default and judgment were entered, Judge Richard presiding. The defendant appeals.—*Reversed.*

No appearance for appellee.

*Tom H. Milner* for appellant.

LADD, J.—The immunity from service of civil process of a witness while attending a trial in a state other than that of his residence to give evidence seems to be universally recognized. The privilege protects him in coming, in staying, and in returning, if he acts in good faith, and without unreasonable delay. *Sherman v. Gundlauch,* 37 Minn. 118 (33 N. W. Rep. 549); *Mitchell v. Wixon,* 53 Mich. 541 (19 N. W. Rep. 176); *Thompson's Case,* 122 Mass. 428 (23 Am. Rep. 370); *Person v. Grier,* 66 N. Y. 124 (23 Am. Rep. 35). See note to *Mullen v. Sanborn,* 79 Md. 364 (25 L. R. A. 721). As to whether a party is entitled to a like exemption there is some conflict in the authorities. In *Bishop v. Vose,* 27 Conn. 1, the defendant, a resident of another state, had come to Connecticut to attend the trial of a case which he had caused to be brought, and he was held not exempt from the service of summons; but in *Machine Co. v. Wilson* (C. C.) 22 Fed. Rep. 803;

*Machine Co. v. Wilson*, 51 Conn. 595—it was decided otherwise as to a nonresident defendant whose attendance was necessary both as a witness and to instruct his counsel, the reason for the distinction being that a plaintiff having sought the aid of the courts of another state ought not to shrink from being subjected to their control, while the attendance of the defendant may be said to be compulsory. In *Baldwin v. Emerson*, 16 R. I. 304 (15 Atl. Rep. 83, 27 Am. St. Rep. 741), however, this distinction was disregarded, and the reason for exempting either a plaintiff or a defendant in a civil action, because of being a nonresident, from service of summons, was declared "fanciful, rather than substantial." See, also, *Ellis v. De Garmo*, 17 R. I. 715 (24 Atl. Rep. 579, 19 L. R. A. 561). But a different view has been taken by the great weight of authority, declaring both party and witness alike entitled to the privilege. *First National Bank v. Ames*, 39 Minn. 179 (39 N. W. Rep. 308); *Shaver v. Letherby*, 73 Mich. 500 (41 N. W. Rep. 677); *Fisk v. Westover*, 4 S. D. 233 (55 N. W. Rep. 961, 46 Am. St. Rep. 780); *In re Healy*, 53 Vt. 694 (38 Am. Rep. 713); *Andrews v. Lembeck*, 46 Ohio St. 38 (18 N. E. Rep. 483, 15 Am. St. Rep. 547); *Matthews v. Tufts*, 87 N. Y. 568; *Wilson v. Donaldson* 117 Ind. 356 (20 N. E. Rep. 250, 3 L. R. A. 266, 10 Am. St. Rep. 48); *Halsey v. Stewart*, 4 N. J. Law, 367.

As a party may testify in his own behalf in this state, there is no room for the distinction made between parties and witnesses, save possibly as suggested in the Connecticut cases. The reasons for exemption from service of process have been so often stated that repetition seems superfluous. They relate to the free and unhampered administration of justice in our courts, and are as applicable to service of summons or original notice as the beginning of an action by arrest on civil process under the old common-law practice. Said Elliott, J., in *Wilson v. Donaldson, supra*, concerning the exemption: "It is his privilege,

under our laws, to testify in his own behalf; and this privilege should not be burdened with the hazard of defending other actions in our forums. Our own citizens will often derive a substantial benefit from the personal appearance of a nonresident defendant, since it may enable them to obtain a personal judgment which else were impossible. If citizens of other states are allowed to come into our jurisdiction to attend court as parties or witnesses, and to freely depart from it, the administration of justice will be best promoted, since a defendant's personal presence is often essential to enable his counsel to justly conduct his defense. The principle of state comity, too, demands that a citizen of another state, who submits to the jurisdiction of our courts, and here wages his forensic contest, should not be compelled to do so under the limitation and obligation of submitting to the jurisdiction of our courts in every case that may be brought against him. While coming and departing, as well as while actually in necessary attendance at court, he should be free from the hazard of being compelled to answer in other actions. It is an evidence of respect for our laws and confidence in our courts that he comes here to litigate, and the laws he respects should give him protection. If he can come only under the penalty of yielding to our jurisdiction in every action that may be brought against him, he is deprived of a substantial right, because he is willing to trust our courts and laws without removing his case to the federal courts, or refusing to put himself in a position where personal judgment may be rendered against him. High considerations of public policy require that the law should encourage him to freely enter our forums by granting immunity from processs in other civil actions, and not discourage him by burdening him with the obligation to submit to the writs of our courts if he comes within our borders." See, also, excerpts from numerous decisions collected in note to 25 L. R. A. 721. Of course, there may

be exceptions, as *Mullan v. Sanborn, supra,* where a plaintiff in an attachment suit came from another state to testify, and was held not to be privileged from the service of summons while there in an action for maliciously bring- ing the attachment suit. Having resorted to this drastic remedy, the equal administration of justice seemed to demand recoupment of the resulting damages in the same jurisdiciton.

It is also to be noted that the decisions with reference to immunity of witnesses or parties from service of process or summons within the same state, but in counties other than their residence, are in conflict. See *Christian v. Williams,* 111 Mo. 429 (20 S. W. Rep. 96.) Though that question is not involved, it may be observed that it is probably settled by the statutes of this state. Unless, then, the privilege is obviated by some provision of our Code, the defendant was entitled to the immunity claimed. Section 3541 provides that "the mode of appearance may be: * * * (1) By delivering to the plaintiff or the clerk of the court a memorandum in writing to the effect that defendant appears, signed either by the defendant in person or his attorney, dated the day of its delivery, and to be filed in the case; (2) by entering an appearance in the appearance docket or judge's calendar, or by announc- ing to the court an appearance which shall be entered of record; (3) by an appearance even though especially made, by himself or attorney, for any purpose connected with the cause, or for any purpose connected with the ser- vice or insufficiency of the notice; and an appearance special or other, to object to the substance or service of the notice, shall render any further notice unnecessary, but may entitle the defendant to a continuance, if it shall appear to the court that he has not had the full timely notice required of the substantial cause of action stated in the petition." The object had in enacting this statute was to do away with allowing a party to specially appear

for the sole purpose of advising the court that he is not there. See *Hodges v. Brett*, 4 G. Greene, 345. It relates to the acquirement of jurisdiction of the person, and not what shall be done with him after jurisdiction has been obtained. No exception was taken by the defendant to the manner of service or to the character of the notice, and he admits having been brought into court. What he objected to was being detained therein and compelled to plead to plaintiff's petition and litigate the issues in a jurisdiction into which the plaintiff had no right to bring him. The service is merely the method of invoking jurisdiction. The immunity extends further, and shields him from litigating the controversy in the place where he was exempt from service. If he had failed to appear, this would have been a waiver of his privilege, and a valid and binding judgment might have been rendered against him. *Thornton v. Am. Writing Mach. Co.*, 83 Ga. 288 (9 S. E. Rep. 679, 20 Am. St. Rep. 320); Freeman on Judgments, section 296; note to 25 L. R. A. In enacting the above statute, and in authorizing suit against a nonresident in any county of the state where found, the legislature had no thought of interfering with a rule concerning exemption from service of notice. *Wilson v. Donaldson*, 117 Ind. 356 (20 N. E. Rep. 250, 3 L. R. A. 266, 10 Am. St. Rep. 48); *Fisk v. Westover*, 4 S. D. 39 (55 N. W. Rep. 961; 46 Am. St. Rep. 780). These statutes, like others, were enacted with reference to the great body of law as it existed, and should not be isolated therefrom when being construed.

The suit contemplated is such as may be properly instituted, and against which the defendant is not shielded by the privileges of his situation. The circumstances were such as to bring the case clearly within the rule announced. The defendant was bound to be in attendance of court to avoid the forfeiture of his bond. He came also as a witness in his own behalf. His stay was not unreasonable;

and he should have been allowed to go hence from the jurisdiction of the court, which had been illegally invoked against him.    The remedy by motion of which defendant availed himself was that generally recognized by the authorities as appropriate.    Indeed, it would seem that no other would have been effective in relieving him from in some way responding to the petition and in dismissing him from the court's jurisdiction.—REVERSED.