## PAUL E. NELSON v. GEORGE W. BRIGHAM.[1]

February 17, 1928.

No. 26,467.

**When exemption from service of summons is waived by nonresident.**
1. Where a summons is served upon a nonresident who comes into this state to testify in judicial proceedings, the service is not void but voidable only; and the privilege to claim exemption from such service is waived unless promptly asserted.

**Defendant failed to assert his privilege seasonably.**
2. Assuming that defendant was within the privileged class when the summons was served upon him, he waived the privilege by failing to assert it seasonably.

Process, 32 Cyc. p. 495 n. 66.

See note in 25 L. R. A. pp. 727-730; 21 R. C. L. 1306; 3 R. C. L. Supp. 1225; 4 R. C. L. Supp. 1446; 5 R. C. L. Supp. 1188; 6 R. C. L. Supp. 1307.

Action in the district court for Chisago county by the administrator of the estate of C. G. Nelson to recover damages for his death. There was a verdict for the plaintiff, and defendant appealed from an order, Stolberg, J. denying his motion to set aside the service of the summons and to vacate the judgment thereafter entered. Affirmed.

*Harris Richardson* and *McGowan, Jeffs & Fox,* for appellant.
*S. Bernhard Wennerberg,* for respondent.

TAYLOR, C.

Defendant appeals from an order denying his application to set aside the service of the summons and the judgment thereafter entered in the above entitled action. The action is for damages for causing the death of C. G. Nelson who was struck and killed by defendant's automobile September 3, 1925, on a public highway in Chisago county. The summons was served on defendant personally

[1] Reported in 218 N. W. 101.

September 5, 1925. He failed to answer or appear in any manner. The damages were assessed by a jury May 7, 1926, at the sum of $3,500. Judgment was entered thereon December 11, 1926. Defendant made a motion in February, 1927, to set aside the service of the summons on the ground that it was served while he was exempt from the service of such process. The motion was denied July 15, 1927.

Defendant was a resident of the state of Wisconsin and claims that he was merely passing through the state of Minnesota at the time of the accident. He remained to attend the inquest held by the coroner September 5, 1925, and testified as a witness thereat. The summons was served by the sheriff immediately after the conclusion of the inquest and before he had an opportunity to depart. He claims that he was exempt from service of process for the reason that he was a nonresident attending as a witness before the coroner. He also claimed that he was detained by the sheriff until the conclusion of the inquest, and that he did not know he was sued for the reason that the summons was handed to him with the statement that he need pay no attention to it. These two claims were emphatically denied, and the court was amply justified in holding them to be unfounded.

Defendant did not come into this state for the purpose of testifying as a witness; but while traveling through this state in his automobile for other purposes he ran over and killed Mr. Nelson and remained to explain at the inquest how the accident happened. It is doubtful whether this brought him within the class of persons exempt from service of process. But there is no need to determine that question, for, as said by the learned trial court, the service was not void but merely voidable, and one exempt from such service must claim his privilege promptly or it is waived. Assuming that defendant was within the privileged class, he waived the privilege by failing to claim it until long after judgment had been entered. Thornton v. American W. M. Co. 83 Ga. 288, 9 S. E. 679, 20 A. S. R. 320; Austin-Western R. M. Co. v. Owen, 41 S. D. 110, 168 N. W. 860; Eaton v. Eaton, 120 Kan. 477, 243 P. 1040; 21 R. C. L. 1311; 32 Cyc. 495.

Order affirmed.