**Empire Manufacturing Company, Appellee, v. Paul Ginsburg, Appellant.**

**Gen. No. 7,981.**

Opin-ion filed May 21, 1929.

A. PHILIP SMITH and WILLISTON E. RECKHOW, for appellant; ALEXANDER KLEINMAN, of counsel.

KNIGHT & SWENSON, for appellee; JAMES A. PENNY, of counsel.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

An action on the case was instituted in the circuit court of Winnebago county by appellee, Empire Manufacturing Company, against Paul Ginsburg and Sam Ginsburg. The latter was not served with process and the suit proceeded against appellant only. The declaration averred fraud and deceit in procuring credit for merchandise sold by appellee to appellant. A verified plea in abatement was filed by appellant, setting forth in substance that before and at the time of the commencement of the suit he was and still is a resident of Cook county; that he had entered into a contract with appellee for the purchase of certain finished furniture; that the same was not finished in accordance with the contract and was returned by him to appellee; that afterward a claim for such furniture was placed with Burns & Burns of Chicago for collection; that

this firm took up the matter with appellant; that thereafter E. O. Burns, a member of such firm, notified appellant that one Mitchell, an agent of appellee, was in Chicago and desired to see him with a view of settling the controversy; that appellant was not able to see Mitchell, and later on the same day Burns informed appellant that Mitchell desired that he come to Rockford on the following day to settle the controversy; that appellant informed Burns he could not go to Rockford on the following day but, upon the invitation of Mitchell, would go on February 22, 1927, for the purpose of making a settlement; that Burns stated he would write appellee and Mitchell to that effect; that Burns afterward notified appellant that the date was satisfactory and that he, Burns, would accompany appellant for the purpose of effecting such settlement; that on said date, appellant, accompanied by Burns, arrived in Rockford by railroad shortly before noon; that they were met at the train by Mitchell, who told them he had an automobile on the other side of the station and would take them to appellee's office, where the matter could be talked over with the president of appellee company; that upon arriving at the automobile, appellant observed a man unknown to him sitting on the back seat, and was asked by Mitchell to sit next to such man; that as appellant took such seat, another man whom he afterward learned was one of appellee's attorneys, followed him and stood in the doorway of the automobile; that immediately thereafter the man seated in the automobile, who was a deputy sheriff of Winnebago county, served appellant with summons in this cause; that appellant had no business in Rockford, except the settlement of the matter in controversy, and transacted no other business there on that date; that he came to Rockford for that express purpose and no other, and only upon the invitation of appellee extended through its agents; that he

would not have gone to Rockford except for such invitation and request; that he had no knowledge or intimation that suit had been or was to be commenced against him; that such suit was instituted on February 18, 1927; that during all the time of said controversy, Mitchell and Burns were and are yet the agents of appellee, and acting in its behalf, and neither of them were at any time acting on behalf of appellant; and that appellant's presence in Rockford was procured by fraud, and by trick or artifice of appellee and its said agents for the purpose of serving him with summons in this cause.

A demurrer was sustained to the plea in abatement and judgment of *quod respondeat* ouster was entered. Thereupon appellant filed the general issue and a trial was had by a jury resulting in a verdict and judgment against appellant.

Section 6 of the Practice Act (Cahill's St. ch. 110, ¶ 6), provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions where there is more than one defendant, etc. Under this statute it has been held that where a defendant is within a county by reason of some fraud, artifice or trick on the part of the plaintiff, he is not properly found there within the meaning of the statute. (*Greer v. Young,* 120 Ill. 184; *Cassem v. Galvin,* 158 Ill. 30; *McNab v. Bennett,* 66 Ill. 157; *Willard v. Zehr,* 215 Ill. 148; *Brya v. Thomas,* 186 Ill. App. 281.)

In *Greer v. Young, supra,* it was held that a citizen of Missouri who came into this State for the purpose of taking depositions to be used in a suit pending in Missouri was not exempt from civil process, but the court in the opinion pointed out that he came to this State voluntarily and it was not claimed or shown that service was obtained by any artifice, trick or fraud.

In *Wanzer v. Bright,* 52 Ill. 35, appellee, Bright, was engaged in the commission business and in the sale of agricultural implements in the State of Wisconsin. Appellants were engaged in the same kind of business in the City of Chicago, and had furnished Bright with implements for sale on commission. There was an unsettled account between them, which was placed in the hands of appellants' attorneys for collection. Bright was enticed into the jurisdiction of Cook county by letters emanating from the office of appellants' attorneys, purporting to have been written by a prospective purchaser of a patent owned by Bright. The letters requested him to come to Chicago concerning the sale of the patent. Upon Bright's arrival in Chicago, he was arrested on a *capias* at the suit of appellants. Thereafter he instituted an action on the case against appellants on account of the illegal arrest. In affirming a judgment for damages against appellants, the court said: "It is a firmly established rule of practice that courts will never permit the fraudulent use of their process. And when it is attempted, the court will promptly interfere to prevent its process from being made the instrument for effectuating the fraud, by setting it aside. It can never be tolerated that such process shall be debased to the purpose of fraud and oppression. The pure fountains of justice can never be so polluted. The courts were created for the administration of justice, and they and their process can never be used for the purpose of oppression and to perpetrate fraud and wrong, or their process fraudulently obtained and employed to enforce a right, however just and legal. . . . It has been repeatedly held in this country that no court will take jurisdiction of a party where it is obtained by fraud. Nor is a defendant amenable to process unless he is in, or comes voluntarily within the territorial jurisdiction of the court. . . . No rule of law is more uniformly

recognized and enforced than that a valid and lawful act cannot be accomplished by unlawful means, and in such cases, courts will restore the injured party to his rights or compensate him for the wrong.''

It is almost universally held in other jurisdictions that if a person is induced by artifice, trick or fraud to come within the jurisdiction of a court for the purpose of obtaining service of process upon him, and process in an action brought against him in such court is there served, it is an abuse of legal process, void, and will be set aside. (32 Cyc., Process, 448; 21 R. C. L., Process, 1275; *Toof v. Foley,* 87 Iowa 8, 54 N. W. 59; *Cavanagh v. Manhattan Transit Co.,* 133 Fed. 818; *Ex parte Taylor,* 29 R. I. 129; *Bernstein v. Hakim,* 126 N. Y. Misc. 582, 214 N. Y. Supp. 82; *Townsend v. Smith,* 47 Wis. 623; *Miami Powder Co. v. Griswold,* 5 Ohio Dec. 532.)

The rule is applicable whether the fraud was perpetrated by plaintiff or those acting in his behalf. (*Crandall v. Trowbridge,* 170 Iowa 155.) It was held in *Miami Powder Co. v. Griswold, supra,* that where a defendant was induced to come into the jurisdiction by plaintiff's agent to consult over their controversy, and while there was served with a summons, such service was void.

We are of the opinion that the averments of the plea in abatement filed in this cause sufficiently charge that defendant was enticed into the jurisdiction of the trial court by artifice, trick or fraud for the purpose of serving him with summons. If such averments were proved, it is well settled that the service was void and should be quashed. The trial court erred in sustaining the demurrer to the plea.

The judgment for plaintiff upon demurrer to the plea in abatement was only interlocutory, *quod respondeat* ouster. Defendant, by pleading in bar of the action, after a demurrer had been sustained to such a

plea, did not thereby waive his rights under the plea in abatement but could assign for error the decision of the court sustaining the demurrer. (*Weld v. Hubbard,* 11 Ill. 573, 574; *Brotherhood of Locomotive Firemen v. Cramer,* 164 Ill. 9; *Delahay v. Clement,* 3 Scam. 201; *Earl Mfg. Co. v. Summit Lumber Co.,* 125 Ill. App. 391; *Miller v. Grand Lodge Brotherhood of Railroad Trainmen,* 206 Ill. App. 241.) It was unnecessary and would have been improper to include in the bill of exceptions any question raised on the demurrer to the plea in abatement. The point saves itself as a part of the record. (*Hawk v. McCullough,* 21 Ill. 220; *Chase v. DeWolf,* 69 Ill. 47.)

Because of the error in sustaining the demurrer to the plea in abatement, it is unnecessary to consider any of the other assignments of error. The cause is reversed and remanded with directions to the trial court to set aside the judgment and also the order sustaining the demurrer to the plea in abatement, to overrule said demurrer and to allow such further proceedings herein as may be consistent with this opinion.

*Reversed and remanded with directions.*