NORTHWESTERN CASUALTY & SURETY COMPANY, Appellee, v. AARON C. CONAWAY, Appellant.

No. 40103.

APRIL 14, 1930.

*C. H. E. Boardman* and *H. G. Cartwright,* for appellant.

*E. N. Farber* and *O'Brien, Horn & Stringer,* for appellee.

STEVENS, J.—I. The appellant was formerly a colonel in the United States army, commanding the Three Hundred Forty-seventh Medical Regiment, allocated to the state of Iowa, of which he was and is a resident. Immediately prior to July 3, 1927, he was on the reserve list, without salary, but subject to call by the government. On or about that date, appellant was ordered by the military department of the United States to take his troops to Fort Snelling, Minnesota, for a training period of 15 days. While at Fort Snelling, in charge of his troops, and in the government service, as already stated, he was served with summons notifying him of the commencement of an action by the Northwestern Casualty & Surety Company against him in the district court of Ramsey County, Minnesota. In due time, appellant appeared in the Minnesota court, and filed a motion, supported by an affidavit, reciting the facts above stated, to quash the summons, upon the grounds that, at the time of the service thereof, he was on the military reservation of the United States, and not within the jurisdiction of the courts of Minnesota, and that his presence within the state was involuntary, and solely as an officer in the United States army, and in obedience to the command of his superior, and that, while in such capacity, he was privileged from the service of process in the state of Minnesota. The motion to quash the summons was overruled by the court, and judgment entered against him, as demanded. No appeal was taken from such judgment, nor was the ruling of the court upon the motion to quash the summons assailed in any way.

There is no controverted question of fact involved on this appeal. The sole question is: Did the Minnesota court acquire jurisdiction to enter a personal judgment in that state against appellant? The rule that nonresident suitors and witnesses in attendance upon a trial in a foreign jurisdiction are, for a reasonable time, immune from the service of process upon them

therein is of general application. *Murray v. Wilcox,* 122 Iowa 188; *Stewart v. Ramsay,* 242 U. S. 128 (61 L. Ed. 192); *Phipps v. Cleveland Ref. Co.,* 261 U. S. 449 (67 L. Ed. 739); *State ex rel. Brainard v. District Court,* 34 Wyo. 288 (243 Pac. 123); *Kelly v. Pennington,* 78 Colo. 482 (242 Pac. 681); *Prescott v. Prescott,* 95 N. J. Eq. 173 (122 Atl. 611); *Filer v. McCornick,* 260 Fed. 309; *Hammons v. Superior Court,* 63 Cal. App. 700 (219 Pac. 1037); *Bolz v. Crone,* 64 Kan. 570 (67 Pac. 1108); *Kaufman v. Garner,* 173 Fed. 550.

This rule, as stated in a number of the cases cited above, is, in reality, founded on the necessities of judicial administration, which, as said in *Stewart v. Ramsay,* supra, " ' * * * would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify. Witnesses would be chary of coming within our jurisdiction, and would be exposed to dangerous influences, if they might be punished with a lawsuit for displeasing parties by their testimony; and even parties in interest, whether on the record or not, might be deterred from the rightfully fearless assertion of a claim or the rightfully fearless assertion of a defense, if they were liable to be visited on the instant with writs from the defeated party.' "

Immunity from process in such cases may and will be waived if the party entitled thereto fails to appear and move to quash the summons, or to proceed otherwise, if required by the rules of practice in such jurisdiction. *Murray v. Wilcox,* supra; *Peters v. League,* 13 Md. 58 (71 Am. Dec. 622); *Prentis v. Commonwealth,* 5 Rand. (Va.) 697 (16 Am. Dec. 782); *Geyer's Lessee v. Irwin,* 4 Dall. (U. S.)* 107 (1 L. Ed. 762); 1 Freeman on Judgments (5th Ed.), Section 401. Judgments erroneously entered in such cases are not void, but voidable. 1 Freeman on Judgments (5th Ed.), Section 401; *Thornton v. American Writing Mach. Co.,* 83 Ga. 288 (9 S. E. 679); *Nelson v. Brigham,* 173 Minn. 552 (218 N. W. 101); *Longueville v. May,* 115 Iowa 709. Immunity from process, when accorded to persons engaged in the military service, is based upon grounds of public policy. *Dow v. Johnson,* 100 U. S. 158 (25 L. Ed. 632); *Land Title & Tr. Co. v. Rambo,* 174 Pa. St. 566 (34 Atl. 207).

The question whether appellant was legally entitled to claim

immunity from the service of process in the state of Minnesota while engaged temporarily in the military service, we need not determine. The decision of the Supreme Court of the United States in *Dow v. Johnson,* 100 U. S. 158 (25 L. Ed. 632), contains an interesting discussion of this question. Immunity in that case was sustained, and a judgment entered by the state court in the state of Louisiana upon summons served upon General Dow, while engaged as a general in the Union army, in active military service in the war between the states, was decreed void, because of the nature of the recovery sought and the military exigencies then prevalent.

The Minnesota court clearly had jurisdiction to pass upon the motion to quash the summons, and, in doing so, must necessarily determine whether appellant was, or was not, immune from the service of process in that state. The filing of the motion to quash necessarily invoked the jurisdiction of the court for that purpose. That was the question first to be litigated in that court. Even if it be assumed that the decision on the motion to quash was erroneous, it cannot be said that it was rendered without jurisdiction. Whether the judgment might have been avoided by some appropriate proceedings in the state of Minnesota is not here material. If there was error in the ruling, it could and should have been corrected on appeal, or by other appropriate proceeding in the courts of the state where rendered. No case is cited, nor have we been able to find any, to the effect that a judgment entered under the facts of this case was void. Whether the strict doctrine of *res adjudicata* is applicable at this point or not, certain it is that the courts of this state cannot refuse to give full faith and credit to a judgment rendered in a sister state which is voidable only, and not void.

Our attention at this point is called to *Sullivan v. Kenney,* 148 Iowa 361. The issue of jurisdiction involved in that case was of the subject-matter, and not of the person. One of the questions considered in the *Kenney* case was whether the probate court of California had jurisdiction to probate the will of a resident of Jasper County, Iowa, temporarily within the state of California, and mentally incompetent. The contention in favor of the jurisdiction of the California court was that it found specially that it had jurisdiction. This court held that the mere finding of a foreign court that it had jurisdiction is not con-

clusive upon the courts of this state. The holding of this court in *Kline v. Kline,* 57 Iowa 386, involved the custody of minor children, residents of this state, the custody of whom was fixed by a decree of divorce entered in Wisconsin, upon service by publication. We held that the Wisconsin court did not have jurisdiction over the minor children, and that the decree, in so far as it related to them, was void.

The facts of the case before us readily distinguish it on principle from those cited. Appellant was within the state of Minnesota, and, unless entitled to immunity as a military officer in the performance of his duties, under the direction and au-thority of his superior officer, was subject to process in that state; and, as we have already stated, he was bound to appear and submit that question to the court for decision. The mere filing of the motion which gave notice to the court was not sufficient.

II. Fort Snelling is within the territorial boundaries of the state of Minnesota, but its origin antedates the admission of that state into the Union. Notwithstanding its location within the boundaries of the state of Minnesota, it is contended by ap-pellant that it is United States territory, and that, while ap-pellant was situated thereon, service of summons upon him was without any validity.

By act of the legislature of Minnesota, Chapter 55 of the Laws of Minnesota, 1925 (44th Session), it is provided that:

"Sec. 2. Exclusive Jurisdiction in Federal Government.— Exclusive jurisdiction in and over any lands, or buildings, any right or interest which has been so acquired by the United States, whether before or after the passage of this act, shall be and the same is hereby ceded to the United States for all purposes, here-in provided except the service upon such sites of all civil or criminal process of the courts of this state, which right of service of said process within the bounds of said lands and sites is reserved to this state * * *."

Our attention is called to no act of Congress directly touch-ing the matter. It was held by the Supreme Court of the United States in *Fort Leavenworth R. Co. v. Lowe,* 114 U. S. 525 (29 L. Ed. 264, quoting from the syllabus), that:

"The cession of lands by a state to the United States may be

upon such conditions as the state may see fit to annex, not inconsistent with the free and effective use of such lands for the purposes intended.''

The summons was clearly not invalid because served upon appellant while he was on territory owned and used by the United States exclusively for military purposes, but within the state of Minnesota. For the reason stated, the judgment of the court is affirmed.—*Affirmed*.

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.