J. E. KELLY, Administrator, Appellant, v. M. R. SHAFER, Appellee.

No. 40869.

DECEMBER 17, 1931.

Powers & Gilchrist, for appellant.

J. E. Addie and John J. Hess, for appellee.

MORLING, J.—The action is for damages resulting from the death of James Edward Kelly, occasioned by a collision in Crawford County, Iowa, between an automobile operated by defendant and the person of the deceased, occurring within this state. Original notice was personally served upon defendant while he was within the state. It appears from the showing made in support of the special appearance that defendant is and for many years has been a bona-fide resident of Nebraska; that he has never been a resident of Crawford County, Iowa; that he went to Crawford County for the sole and only purpose of testifying as a witness before the coroner at an inquest then held over the death of plaintiff's intestate; that he testified as a witness before the coroner; that before he had time to leave the courthouse where the hearing was held he was served with the original notice in this action. It was stipulated that on the date of the accident involved in this action defendant was "arrested by the sheriff of Crawford County, Iowa, and detained by him for several hours; that subsequently he was released upon his own recognizance and without bond, upon his promise to appear before a coroner's inquest to be held over the body of James Edward Kelly, the deceased herein; and that the sheriff thereafter requested him to so appear, and pursuant to such request he did appear and give his testimony."

It must be taken, therefore, to be the fact that defendant at the time of the service was within the state solely as a witness, pursuant to his promise to attend at a coroner's inquest; that he was present *bona fide* solely as a witness; and that the original notice in the present action was served upon him before he had opportunity to leave the state after the conclusion of his testimony. A coroner's inquest is a quasi judicial proceeding or investigation. Lingemann v. Dehnke, 247 Mich. 597, 226 N. W. 259; 13 C. J. 1245.

Immunity from civil process of a nonresident while in attendance as a witness *bona fide* and for a reasonable time thereafter is allowed, in the interest of the administration of justice and as a matter of public policy. The case is ruled by Murray v. Wilcox, 122 Iowa 188; Northwestern Casualty & Sur. Co. v. Conaway, 210 Iowa 126. See also Lingemann v. Dehnke, 247 Mich. 597, 226 N. W. 259; Wheeler v. Flintoff, 159 S. E. (Va.) 112; Durst v. Tautges, Wilder & McDonald, 44 Fed. (2d) 507; Page Co. v. MacDonald, 261 U. S. 446, 67 L. Ed. 737; Golde v. Golde, 155 Atl. (N. J.) 677.

Plaintiff relies principally upon Husby v. Emmons, 268 Pac. (Wash.) 886, in which the Supreme Court of Washington, under quite similar facts, held that the defendant was tentatively charged with an offense; that his attendance was not voluntary, and was required by the state authorities in the exercise of their law-enforcing jurisdiction.

In Wheeler v. Flintoff, 159 S. E. (Va.) 112, supra, which was also quite similar in its facts, the Supreme Court of Appeals of Virginia, and in Lingemann v. Dehnke, 247 Mich. 597, 226 N. W. 259, 65 A. L. R. 1367, which was also quite similar, the Supreme Court of Michigan, held in accordance with our conclusion herein previously set out.—Affirmed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.