CLYDE L. LINGO, Appellant, v. REICHENBACH LAND COMPANY et al., Appellees.

No. 44146.

APRIL 5, 1938.

REHEARING DENIED JUNE 24, 1938.

Ferguson & Ferguson, for appellant.

Thornell, Thornell & Nichols, for appellees.

KINTZINGER, J.—Plaintiff is a resident of Page county, Iowa; the defendants are nonresidents of Iowa residing in the State of Nebraska, the defendant J. A. Reichenbach being the secretary-treasurer of the defendant Reichenbach Land Company. This action is to recover $7,500 for services alleged to have been rendered by plaintiff for defendants in the sale of lands, and was commenced by the service of an original notice upon the defendants by serving the same upon J. A. Reichenbach, as secretary-treasurer of the Reichenbach Land Company,

and upon J. A. Reichenbach, personally. The original notice was served upon said J. A. Reichenbach while he was in the city of Shenandoah, Iowa, where he had gone from his home in Nebraska for the purpose of attempting to settle and compromise an action in ejectment, which had been commenced by the Reichenbach Land Company against Mr. and Mrs. Bauman in Fisher township, Fremont county, Iowa.

Appellees in the present action filed a special appearance herein objecting to the jurisdiction of the court upon the ground that said J. A. Reichenbach, a nonresident, was in Shenandoah, Page county, Iowa, at the time of said service solely and only for the purpose of settling the ejectment case commenced by these defendants, appellees, against Mr. and Mrs. Bauman in Fremont county, Iowa, and that because of such facts they were immune from service of the civil process in this action at the time the original notice herein was served upon said J. A. Reichenbach. The lower court sustained the special appearance, and plaintiff appeals.

Appellant contends that the lower court erred in sustaining defendants' special appearance, because said Reichenbach at the time of the service of said notice was not in the State of Iowa for the purpose of giving testimony in any trial, or attending trial in any court or other judicial agency in Iowa, but came into the state voluntarily.

The record in this case with reference to another action pending in an adjoining county shows that on March 7, 1936, the defendant Reichenbach Land Company commenced an action in ejectment against Mr. and Mrs. S. E. Bauman in the court of E. R. Kelley, justice of the peace in Fisher township, Fremont county, Iowa. This action was tried before a jury, and the defendant J. A. Reichenbach appeared as a witness for plaintiff therein. At the conclusion of the hearing the case was submitted to a jury which failed to reach a verdict, and it was discharged at 11 p.m. on March 12, 1936. No new precept was issued for summoning another jury as required by section 10554 of the Code of 1935, and the case was still pending before the justice of the peace in Fremont county, Iowa, on March 18, 1936. After the jury failed to agree, the defendant J. A. Reichenbach returned to his home at Lincoln, Nebraska. Plaintiff's attorney in that action, Mr. Nichols, resided at Sidney, in Fremont county, Iowa, and the defendants' attorneys therein were Ferguson &

Ferguson of Shenandoah, Iowa, who are also appellant's attorneys in the present action.

The record also shows that Mr. Nichols telephoned Ferguson & Ferguson, the attorneys for the Baumans, on March 17, suggesting a conference at Shenandoah, for the purpose of arriving at a settlement or compromise of the action. On the same day, March 17, Mr. Nichols telephoned to Mr. Reichenbach at Lincoln, advising that the ejectment case would either have to be tried or settled, and that he had arranged by telephone with Baumans' attorneys, Ferguson & Ferguson, for a meeting at their office in Shenandoah, to talk about a settlement of the Bauman case. Pursuant to this communication, Mr. Reichenbach, on March 18, 1936, went to Sidney, Iowa, where he picked up his attorney, Mr. Nichols, who accompanied him to the office of Ferguson & Ferguson at Shenandoah, Iowa.

The evidence shows without dispute that Mr. Reichenbach, the secretary-treasurer of the defendant company, went to the office of the defendants' attorneys at Shenandoah for the purpose of talking about a settlement of the ejectment action against the Baumans, then pending before the justice of the peace court in Fremont county, Iowa. No settlement was reached, and said Reichenbach and his attorney left the Ferguson office. Immediately upon reaching the foot of the stairs, leading from the Ferguson law office, an officer served the original notice of the present action upon said Reichenbach personally, and upon him as secretary-treasurer of the defendant Reichenbach Land Company; said action being commenced in the district court of Page county, Iowa, by Ferguson & Ferguson, the same attorneys who were defending Mr. and Mrs. Bauman in the justice of the peace case then pending in Fremont county. Thereupon Mr. Reichenbach and his attorney, Mr. Nichols, returned to Sidney where they arranged for a dismissal of the justice of the peace case the next day.

The record shows without dispute that the sole and only purpose of the defendant Reichenbach in going to Shenandoah, Iowa, was to secure a settlement of the justice of the peace action pending in Fremont county, Iowa. The case of Reichenbach Land Company against Mr. and Mrs. Bauman was still pending before the justice of the peace in Fremont county on March 18, 1936, and no notice for a retrial of said case had been served upon either party therein. The case pending before the justice

of the peace in Fremont county never was retried but was dismissed on March 19, 1936.

The record shows without dispute that the defendant Reichenbach did not go or intend to go to Fisher township, Fremont county, to attend trial in the ejectment case at the time in question. It also shows clearly that the defendant Reichenbach and his attorney visited the office of Ferguson & Ferguson, attorneys for the defendant in the ejectment case, for the sole and only purpose of talking about a settlement thereof.

It is the general and well-recognized rule of law in this and other states that witnesses and suitors in attendance on a court outside of the territorial jurisdiction of their residence are immune from service of civil process while attending court, and for a reasonable time before and after attending said court. 50 C. J. 547, 548, sections 226, 227; Murray v. Wilcox, 122 Iowa 188, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263; Moseley v. Ricks, 223 Iowa 1038, 274 N. W. 23; Northwestern Casualty & Surety Co. v. Conaway, 210 Iowa 126, 230 N. W. 548, 68 A. L. R. 1465; 21 R. C. L. 1307. It also applies to a hearing at a coroner's inquest. Kelly v. Shafer, 213 Iowa 792, 239 N. W. 547.

In Kelly v. Shafer, 213 Iowa 792, loc. cit. 794, 239 N. W. 547, 548, we said:

"Immunity from civil process of a nonresident while in attendance as a witness *bona fide* and for a reasonable time thereafter is allowed, in the interest of the administration of justice and as a matter of public policy. * * * Murray v. Wilcox, 122 Iowa 188, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263; Northwestern Casualty & Surety Co. v. Conaway, 210 Iowa 126, 230 N. W. 548, 68 A. L. R. 1465."

The reasons for this rule are fully considered in an able opinion written by Justice Sager in the case of Moseley v. Ricks, 223 Iowa 1038, 274 N. W. 23, and a further discussion thereof is deemed unnecessary here, and reference to that case is made for a further consideration thereof.

Appellant contends that immunity from service in the case at bar did not exist because appellee, J. A. Reichenbach, at the time service was made upon him, was not present attending court in the county in which service was made. The ejectment case pending in Fremont county had been tried in justice court

before a jury, which had disagreed, and the jury was discharged from any further connection therewith.

The record also shows that appellee Reichenbach had returned to his home in Nebraska, and that several days after the trial of that case, and while it was still pending in Fremont county, *at the request of his own counsel in that action,* he returned to Page county, Iowa, for the purpose of settling the justice of the peace action then pending in Fremont county, Iowa. That action had not been assigned for retrial at the time appellee returned to Iowa, and appellee's return was not for the purpose of attending trial as a witness or suitor but for the purpose of trying to settle that action. It was therefore unnecessary for appellee to re-enter the State of Iowa on March 18, 1936. It must therefore be held that appellees would not be entitled to immunity upon the ground that J. A. Reichenbach *was attending any judicial proceeding or for the purpose of giving testimony in any case being tried at that time.*

Appellees contend, however, that the rule granting immunity also extends to cases where a nonresident is present in the state in which the action is pending for the good-faith purpose of attempting a compromise or settlement thereof. The immediate question in this case therefore is whether or not appellee is entitled to immunity from service of the original notice in the case at bar while he was in this state for the purpose of attempting to settle an action pending in an adjoining county.

We have been cited to no cases in this or any other state in which the rule of immunity from process has been extended to a case in which the nonresident is present in this state solely and only for the purpose of effecting a settlement of a case pending here. While this precise question has not been determined in this state, appellee contends that the same rule of justice granting immunity to parties and witnesses attending a trial also applies where the party is present in this state for the purpose of talking settlement of an action pending here.

Appellees contend that the purpose of granting immunity to nonresident suitors is to promote justice and for the purpose of making courts of justice open and accessible to suitors who should be permitted to approach and attend the courts in the prosecution of their claims and the making of their defenses without fear of molestation or hindrance through fear of other prosecutions in a distant state. Mullen v. Sanborn, 79 Md. 364,

29 A. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421; Moseley v. Ricks, 223 Iowa 1038, 274 N. W. 23. This cannot be done if such nonresidents are prevented from appearing in the courts of one state through fear of being served with a process in another action while so present.

A number of cases hold that where a nonresident enters a state at the request of his adversary for the purpose of effecting a compromise or settlement of the case, and a notice of another action is served upon him while in the foreign state, immunity from service will be allowed the nonresident where the evidence tends to show that he was induced to enter another state through fraud or bad faith. State ex rel. Ellan v. District Court, 97 Mont. 160, 33 P. 2d 526, 93 A. L. R. 865; Allen v. Wharton, 59 Hun 622, 13 N. Y. S. 38; Olean Street R. Co. v. Fairmount Construction Co., 55 App. Div. 292, 67 N. Y. S. 165; Cavanagh v. Manhattan Transit Co., C. C., 133 F. 818.

An examination of these cases, holding that a nonresident is entitled to immunity from service in the state of his adversary, will disclose that the holding was based upon bad faith or fraud of the adversary in inducing or enticing the nonresident to enter the foreign state. These cases announce the rule that the question of immunity from service of a process where the nonresident enters another state for the purpose of settling or compromising the action usually turns upon the question as to whether or not such nonresident was fraudulently or in bad faith induced to come into the other state.

In State ex rel. Ellan v. District Court, 97 Mont. 160, 33 P. 2d 526, 530, 93 A. L. R. 865, loc. cit. 870, the court, in holding that a nonresident coming into the state of his adversary for the purpose of settling litigation, said:

"The law favors the compromise and settlement of disputed claims (12 C. J. 336), and should protect a nonresident who comes into this state at the solicitation of his adversary for the purpose of attempting such a disposition of a controversy, to the same extent as when one comes here as a party to, or a witness in, a case in court. As was said in Allen v. Wharton, 59 Hun 622, 13 N. Y. S. 38, 39, respecting a situation similar to that in the case at bar: 'Good faith on the part of the plaintiff required that he should have permitted the defendant again to leave this city without making service of the summons when it

became evident that no settlement would be effected through his agency. That was violated in making the service which was made upon him. It was a breach of the confidence which had been inspired * * * and the settled practice requires that the service of the summons made, as this was made, should not be permitted to stand.' While there, as here, the trial court found in favor of the plaintiff on conflicting testimony, the appellate court in applying the 'enticement' rule said that at the time the plaintiff *invited* the defendant to come to the state for the purpose of discussing a compromise or settlement, there probably lurked in his mind the idea of suit and service if settlement was not effected.'' [Italics ours.]

It seems to be the general rule, however, that where no fraud or bad faith has been practiced upon the nonresident by his adversary in a foreign state, for the purpose of inducing or enticing him to enter ;that state, immunity from service of notice will not be allowed, and service of notice upon a nonresident under such circumstances will not be set aside. Miami Powder Co. v. Griswold, 5 Ohio Dec. Reprint, 532, 6 Am. L. Rec. 464; Cavanagh v. Manhattan Tranit Co., C. C., 133 F. 818; Allen v. Wharton, 59 Hun 622, 13 N. Y. S. 38; Olean Street R. Co. v. Fairmount Construction Co., 55 App. Div. 292, 67 N. Y. S. 165; Empire Mfg. Co. v. Ginsburg, 253 Ill. App. 242; Baker v. Wales, 35 N. Y. Super. Ct. 403, 3 Jones & S. 403; Watkins v. North American Land & Timber Co., 20 Times L. R. (Eng.) 534, H. L.

It is our conclusion from the record in this case that although the defendant Reichenbach entered the State of Iowa for the purpose of attempting to effect a settlement of the action pending in Fremont county with the attorneys of his adversary at Shenandoah, Iowa, appellee's trip to Shenandoah for that purpose was not induced by any fraud or bad faith of appellant. On the contrary, the evidence shows without dispute that this meeting at the office of Ferguson & Ferguson was brought about and arranged at the request of *appellee's attorney*.

No cases have been cited by appellees holding that immunity from process will be extended to a nonresident entering another state simply for the purpose of attempting to secure a settlement of an action pending therein, unless it is clear from the evidence that the nonresident was induced or enticed to enter the foreign state through fraud or bad faith on the part of his

adversary. It is our conclusion from the evidence in this case that appellees have failed to show that appellant was guilty of any fraud or bad faith in enticing the defendant Reichenbach to enter this state on a pretext of trying to effect a settlement of the action pending in Page county.

We are therefore constrained to hold that the rule of immunity from process claimed by appellees cannot be applied under the facts of this case.

For the reasons hereinabove expressed, it is our conclusion that the lower court erred in sustaining appellees' special appearance herein. The judgment of the lower court is therefore hereby reversed.—Reversed.

STIGER, C. J., and DONEGAN, RICHARDS, HAMILTON, MILLER, SAGER, and ANDERSON, JJ., concur.