Nina V. Stutsman, appellant, v. Hilltop Farm Feed Company, appellee.

(No. 15935)

Don Stutsman, appellant, v. Hilltop Farm Feed Company, appellee.

(No. 15936)

Corn Belt Turkey Farms, appellant, v. Hilltop Farm Feed Company, appellee.

(No. 15934)

No. 47737.

(Reported in 45 N.W.2d 892)

FEBRUARY 6, 1951.

Kemmerer & Jack, of Oelwein, and Hirsch, Riepe & Wright, of Burlington, for appellants.

Baldrige & Bailey, of Washington, for appellee.

HAYS, J.—The sole question before this court on this appeal is the jurisdiction of the Washington District Court over the person of the defendant, a nonresident corporation, having no officers or agents in Iowa. The precise question is whether or not at the time service of original notices in the instant cases was made upon the president of the defendant-corporation, he being a nonresident, he was present in the state for the sole purpose of being a witness in certain cases being tried in said court and

thus granting to the corporation an immunity from such service. The trial court sustained special appearances, based upon this claim, and the plaintiffs have appealed. By stipulation the three cases have been consolidated for the purpose of this appeal and will be considered as but one case.

That this question is properly raised by a special appearance see Moseley v. Ricks, 223 Iowa 1038, 274 N.W. 23.

Prior to the commencement of the instant actions appellee had sold to appellants a considerable quantity of feed, they being engaged in the raising of turkeys. Notes executed in payment thereof were held by the Marquette National Bank of Minneapolis, Minnesota. Default was made thereon and suit was brought in the Washington District Court against the makers Nina V. Stutsman and Don Stutsman for their collection, being cases Nos. 15757 and 15758. Defendants therein counterclaimed against the bank for an alleged breach of warranty on the part of the maker of said feed, the appellee herein. The questions raised in the counterclaim were approximately the same as those presented in the instant cases. The trial court held the bank was an innocent holder, dismissed the counterclaims and directed judgment for the bank.

Trial of said cases commenced May 2, 1949. Frank E. Moore, a resident of Minnesota and president of the Hilltop Farm Feed Company, was in attendance at the trial and in the courtroom. May 3 the court ordered exclusion of witnesses from courtroom during taking of testimony. May 4 the plaintiff completed its testimony, and testimony for the defendants on their defense and counterclaim was commenced. Moore was not called to the witness stand and on the evening of May 6 he returned to Minnesota. Testimony was closed on May 9 and a motion made for a directed verdict for plaintiff was submitted with a ruling to be rendered on May 10. Moore returned to Washington during the night of May 9 and was served with original notices in the instant cases immediately upon his arrival. When court convened on May 10 the motion for a directed verdict was sustained, the counterclaim dismissed and judgment entered for the bank. Moore returned to Minnesota promptly thereafter.

I. Appellant asserts that the trial court erred in sustaining the special appearance for the reason that Frank E. Moore,

president of the appellee-corporation, was not in attendance solely as a witness in cases Nos. 15757 and 15758, if a witness at all, but was there for the purpose of gaining information for an anticipated breach of warranty suit against the corporation.

█ The law on this question is well-settled. It is the general rule that a nonresident officer or agent of a foreign corporation is privileged against service of process in an action against the corporation while he is present in the state for the *sole* purpose of attending the trial of another cause as a witness or a party, and is not there on other business of the corporation. Kelly v. Shafer, 213 Iowa 792, 239 N.W. 547; Murray v. Wilcox, 122 Iowa 188, 97 N.W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263; Frink v. Clark, 226 Iowa 1012, 285 N.W. 681; annotations 25 L. R. A. 721; 93 A. L. R. 865; 113 A. L. R. 154.

█ It would appear from the record that the status of Moore as a witness would be as such on the counterclaim, as that involved the conduct of the appellee-corporation in the sale of the feed. It appears that Moore was present during the first four days of the trial and took copious notes. It also appears without dispute that he left Iowa on May 6; that he returned to the state on May 9 and was *then* served with the notices in the instant cases; at the time that he returned to Iowa the defense to the counterclaims would start at that time or be dismissed under the motion; any information which could be gained for the benefit of his corporation was finished with the closing of plaintiff's case. The trial court found that Moore came to Iowa on the 9th of May at the specific request of the bank's attorney and for the sole purpose of being a witness, should the motion be overruled. Thus at the time of the service of the notice the rule as to immunity from service was applicable. We are satisfied with the court's finding and that the ruling of the court was correct. The case of Lingo v. Reichenbach Land Co., 225 Iowa 112, 279 N.W. 121, relied upon by the appellant, is not in point, as the facts are materially different.

█ II. Appellant further asserts that, assuming that when Moore was present in the state during the first part of the trial he was there solely as a witness, he waived any immunity that he might be entitled to because of his disobedience to the order of the trial court excluding witnesses. Even assuming that there

was disobedience, and further assuming that such disobedience would constitute a waiver of the right, as claimed by appellant (questions which we do not determine), still under our holding in Division I these matters are immaterial, as thereafter he left the state without being served with a notice. His return was a new entrance into the state and his right to immunity at that time is to be determined by his reasons for then being in the state.

Finding no error in the ruling of the trial court sustaining the special appearance the same should be and is affirmed.—Affirmed.

WENNERSTRUM, C. J., and GARFIELD, SMITH, OLIVER, MULRONEY, and BLISS, JJ., concur.

THOMPSON, J., takes no part.

MANTZ, J., not sitting.