**Lorelei LaROSE, Appellee,**

v.

**Thomas J. CUROE, Appellant.**

**No. 69629.**

Supreme Court of Iowa.

Dec. 21, 1983.

Michael J. Green of Carney, Hudson, Williams & Green, Des Moines, for appellant.

David L. Clemens of Clemens & King, and Chadwyn D. Cox of Reynolds, Kenline, Breitbach, McCarthy, McKay & Nigg, Dubuque, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and CARTER, JJ.

LARSON, Justice.

A summary judgment was entered against defendant Curoe, based upon two promissory notes payable to the plaintiff LaRose. On appeal, Curoe contends the district court erred initially in overruling his special appearance, which had asserted his immunity from service of original notice, and then in granting summary judgment in favor of the plaintiff. We conclude the court lacked personal jurisdiction and reverse and remand for entry of an order sustaining the special appearance. Under this disposition, it is unnecessary to address the summary judgment issue.

These parties at one time were involved in various land transactions in Iowa and, as a result, Curoe gave the two notes in question to LaRose. Curoe defaulted and, on December 22, 1978, LaRose filed a petition in Dubuque County District Court to collect them. Curoe, who is a resident of Illinois, was not served with original notice until November 18, 1980, almost two years later.

At some time prior to service of the notice on Curoe, Curoe had filed a separate

action in federal court in Iowa against La-Rose's attorneys, alleging malicious and reckless conduct in their filing of a suit against Curoe on behalf of LaRose. That suit is not involved in this appeal; it was dismissed by the plaintiff without prejudice.

Curoe's attendance at a pretrial conference in the federal case brought him to the federal courthouse in Cedar Rapids, where he was served with notice of LaRose's state suit.

■ A nonresident's immunity from service of process while attending judicial proceedings is a well-established principle of law. *See e.g., Kirtley v. Chamberlin*, 250 Iowa 136, 93 N.W.2d 80 (1958); *Stutsman v. Hilltop Farm Feed Company*, 242 Iowa 268, 45 N.W.2d 892 (1951); *Frink v. Clark*, 226 Iowa 1012, 285 N.W. 681 (1939); *Moseley v. Ricks*, 223 Iowa 1038, 274 N.W. 23 (1937). *Kelly v. Shafer*, 213 Iowa 792, 239 N.W. 547 (1931); *Murray v. Wilcox*, 122 Iowa 188, 97 N.W. 1087 (1904). *See Generally*, 72 C.J.S. *Process* § 80, at 1112–15 (1951); 62 Am.Jur.2d *Process* § 141, at 924–25 (1972).

In this day of "long-arm" service procedures, an immunity rule accomplishes little in terms of shielding a potential defendant from eventual service of process. The need for such a rule remains, however, because to the extent it continues to foster full participation in the process of litigation, it will continue to serve its real purpose, which is to aid in the timely and orderly process of litigation. *See Moseley v. Ricks*, 223 Iowa at 1040, 274 N.W. at 24 ("[t]his principle [of immunity] seems so conducive to the proper administration of justice that we are not disposed to overrule it."). Quoting from a case from another jurisdiction, this court also said in *Moseley* that:

> [t]he rule was primarily established for the protection of the courts, that they might the better administer justice, free from interference with and intimidation of suitors, soliciters, and witnesses, and disturbance of the court's officers in the exercise of their duties. It becomes a

privilege affecting persons in their several capacities only as their protection from process renders the administration of justice more certain and complete. In other words, the privilege of the individual is incidental; the protection of courts of justice is the primary object of the rule.

*Id.* at 1041–42, 274 N.W. at 24. Accord, *Kelly v. Shafer*, 213 Iowa at 794, 239 N.W. at 548. Failure to recognize immunity might also chill potential litigants' use of courts to seek redress or assert a defense. *See Northwestern Casualty & Surety Co. v. Conaway*, 210 Iowa 126, 128, 230 N.W. 548, 549 (1930). LaRose does not quarrel with the privilege here but contends it is inapplicable for two reasons: (1) Curoe's attendance at the pretrial conference did not constitute participation in "judicial proceedings" for purposes of the immunity rule; and (2) the two suits were so closely related that an exception to the general rule of immunity controls.

### I. The "Judicial Proceedings" Requirement.

Curoe was not ordered by the federal magistrate to attend the pretrial conference in Cedar Rapids, nor was it contemplated that he would furnish testimony at that time. LaRose argues that this voluntary appearance did not qualify Curoe for the immunity provided under the rule.

Curoe argues, however, that his attendance at the pretrial conference was a practical necessity because, under the federal magistrate's order and the local rules of court, extensive consideration of exhibits, witness identification, and fact issues was required at that conference. Moreover, he argues, an order for Curoe's attendance is not required under the rules. The pretrial order required that each exhibit be separately identified and described. Curoe claims approximately 100 exhibits were involved. The pretrial order also required a listing of all witnesses, their addresses, and the purpose of their testimony. Any witness not listed could not be called at trial without the court's express modification of the pretrial order.

**156**

Under the magistrate's order setting the pretrial conference, and under Federal Rule of Civil Procedure 41, failure of the parties to comply with the pretrial rules would result in sanctions, including possible dismissal.

■ It is apparent, therefore, that while Curoe's attendance was not mandatory, it could scarcely be argued that it would not be helpful and, in fact, necessary, in sorting out the exhibits and witnesses and in stating the fact issues. Without the parties' presence at the conference, it would be more likely that modification of the proposed pretrial order, hence more delay, would ensue.

Our own cases evidence a broad view of "judicial proceedings" for purposes of the immunity rule. In *Moseley v. Ricks,* for example, this court quoted with approval from a Montana case:

> According to the weight of authority, this rule applies to all proceedings which are in their nature judicial, whether taking place in court or not ..., and to attendance upon the taking of depositions to be used in the trial of a cause .... The rule has been extended to include a party attending the examination of witnesses to be used on a trial of his case ..., and to such a one who comes into a foreign jurisdiction at the request of his counsel, to be present during the argument on a demurrer ....

223 Iowa at 1043, 274 N.W. at 25.

A coroner's inquest was held to be "quasi judicial" in nature, and immunity granted to a nonresident witness, in *Kelly v. Shafer,* 213 Iowa at 794, 239 N.W. at 548; and, in *Kirtley v. Chamberlin,* 250 Iowa 136, 93 N.W.2d 80, a bankruptcy hearing was held to be a judicial proceeding under the rule. *But see Lingo v. Reichenbach Land Co.,* 225 Iowa 112, 279 N.W. 121 (1938) (immunity rule held inapplicable to party entering State to discuss settlement of case).

A broad scope of the immunity is also evident from this statement of the general rule:

> The privilege of a suitor or witness from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party, or in which he is to be sworn as a witness, extends to every proceeding of a judicial nature taken in or emanating from a duly constituted judicial tribunal, which directly relates to the trial of the issues involved. It extends not only to persons who are in the immediate presence of the judges of the courts of record, but to those also who are in attendance on the subordinate tribunals and officers appointed by those courts, to assist them in the discharge of their duties. Hearings before arbitrators, legislative committees, commissioners or trustees in bankruptcy, examiners, masters in chancery, and commissioners to take depositions, etc., have all been declared to be embraced within the scope of its application.

62 Am.Jur.2d *Process* § 146, at 930 (1972) (footnotes omitted).

■ The rationale of the pretrial procedure, like that of the immunity rule itself, is to promote efficient and effective disposition of litigation. Effective pretrial conferences advance the same goal. Increasing court congestion, and the present emphasis on extensive pretrial conferences apparent in both the federal rule, Fed.R.Civ.P. 16, and our own, Iowa R.Civ.P. 66, suggest that full participation in such conferences should be encouraged. We conclude that Curoe's attendance at the pretrial conference was a sufficient basis for granting immunity from service of notice.

II. *The "Related Case" Exception to the Immunity Rule.*

■ The most common exception to the immunity rule arises when the case which brings the nonresident into the state, and the case in which service of notice is attempted to be made, arise out of the same facts. Under these circumstances, the immunity rule will usually not apply. See *Kirtley v. Chamberlin,* 250 Iowa at 143–46, 93 N.W.2d at 83–85; *Murray v. Wilcox,*

122 Iowa at 192, 97 N.W. at 1088; 62 Am.Jur.2d *Process* § 147, at 931 (1972); Annot., 84 A.L.R.2d 421 (1962).

The rationale for this exception, like that of the immunity rule itself, is based upon judicial economy. In some cases this will be frustrated, rather than advanced, by granting immunity.

> The test [in applying the exception to the immunity rule] is whether the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it. That ... depends here upon the nature of the proceedings in which the service is made and its relation to the principal suit ....

*Lamb v. Schmitt,* 285 U.S. 222, 228, 52 S.Ct. 317, 319, 76 L.Ed. 720, 724 (1932).

*Kirtley v. Chamberlin* demonstrates the principle. There, a nonresident claimant in a bankruptcy proceeding came to Iowa to pursue his claim in bankruptcy court. While here, he was served with a notice of a suit against him by the trustee, who claimed he had defrauded the bankrupt corporation. Immunity was refused to this nonresident, because the suit against him was in a nature of a counterclaim, which would have a direct bearing on his own claim in the bankruptcy proceeding. 250 Iowa at 147, 93 N.W.2d at 86.

Similarly, in *Miller v. Miller,* 153 Neb. 890, 904, 46 N.W.2d 618, 626 (1951), immunity was denied a nonresident who was served notice in a contempt action for failure to pay alimony while he was in the State of Nebraska to seek modification of the original decree. And, in *Mullen v. Sanborn,* 79 Md. 364, 29 A. 522 (1894), immunity was denied when a nonresident who had commenced an attachment suit was served with notice in a suit against him for wrongful attachment.

■ The distinction between these cases and the present case is clear: in the cited cases, it was necessary to adjudicate the claims in both suits in order to resolve the rights of the parties in the first one. In other words, the test is whether the second suit, in which immunity is sought, will "aid to facilitate the pending litigation, and to carry it to its final conclusion." *Lamb v. Schmitt,* 285 U.S. at 226, 52 S.Ct. at 318, 76 L.Ed. at 723. If so, immunity will be denied. In contrast to the cases discussed above, the suits involved here are not so closely related that the second one will aid or expedite settlement of the federal case. While the attorneys' actions which gave rise to Curoe's suit against them in federal court arose out of the dealings between LaRose and Curoe, that is the extent of the connection. It is doubtful that the second suit, involving different parties and in a different court will in any way aid the disposition of the pending suit against the attorneys. Any connection alone is too tenuous a ground upon which to deny the immunity.

## III. *The Procedural Issue.*

Curoe complains that the court erroneously placed the burden on him to produce evidence negating the exception to the immunity rule based upon the relationship between the cases. He contends that that burden should have been placed on plaintiff LaRose.

■ The rule is that:

> when a defendant, by special appearance, makes a direct attack upon the jurisdiction of a court the burden is on plaintiff to sustain the requisite jurisdiction, but once a prima facie showing has been made by him the burden of going forward with the evidence is upon defendant to overcome or rebut, if possible, such prima facie case.

(citations omitted) *Tice v. Willmington Chemical Corp.,* 259 Iowa 27, 47, 143 N.W.2d 86 (1966) (Supp.Opin.). Accord, *Gray v. Lukowski,* 241 N.W.2d 35, 40 (Iowa 1976).

■ Applied to this case, the initial burden was on LaRose, as plaintiff, to make a prima facie showing of jurisdiction by proof of adequate service and compliance with any applicable statutes. *Id.* That showing was made here. The burden then shifted to Curoe to go forward with evi-

dence establishing his immunity by showing that, despite proper service of process, he was in attendance at a judicial proceeding. *Tice*, 259 Iowa at 47, 143 N.W.2d at 86. The affidavit attached to Curoe's amended special appearance, which was not contradicted, established that. Curoe complains that the court erred in further requiring him to show the absence of a direct relationship between the cases in order to establish that the exception to the immunity rule did *not* apply. The court, he argues, should have required the plaintiff to go forward with evidence showing the exception *did* apply, according to Curoe.

We are inclined to the view that, as to the exception, the burden shifted to the plaintiff to present evidence of the claimed relationship of the cases. In this case, however, it made no difference; even if we assume the burden remained with Curoe, an adequate showing was made by him that the exception did not apply.

We reverse and remand for an order sustaining the special appearance.

REVERSED AND REMANDED.