## TOWNSEND *v.* ALLEN *et al.*

*(Supreme Court, General Term, First Department. January 13, 1891.)*

1. TRUSTS—CONFIDENTIAL RELATIONS—UNDUE INFLUENCE.
> The mere fact that confidential relations exist between the grantor in a deed of trust and one of the trustees, contingently interested in the trust subject after the determination of the trust, upon the death of the grantor, affords no ground for the presumption that undue influence was exercised over the grantor to procure the execution of the instrument.

2. SAME—CONSIDERATION—PERSONAL CONVENIENCE OF SETTLOR.
> The personal convenience of the settlor is a good consideration for the execution of a deed of trust, both at common law and by implication from Code Civil Proc. N. Y. § 2463, in which the right of a party to convey property in trust for his own benefit is expressly recognized by the provision that the article in reference to special proceedings "shall not apply to any money, thing in action, or other property held in trust for a judgment debtor, where a trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor."

3. SAME—TESTAMENTARY REVOCATION.
> An instrument which settles personal property in trust for the use and benefit of the grantor during his life, and directs that the trustees, after his death, shall pay over the residue of the trust subject to the next of kin of the grantor, will not be construed as ambulatory, nor as a mere deed of contingency or testamentary disposition of personalty, and as such revoked by a subsequent will of the grantor, which disposes of his personal estate, but recognizes the existence of the deed, and manifests a belief in the efficacy of its provisions.

4. SAME—CONFLICT OF LAWS—CONVEYANCE OF PERSONALTY.
> The validity and effect of a conveyance of personalty by a person who resides at the time of its execution in New Jersey, though the *situs* of the property conveyed is in New York, and the parties who take thereunder are residents of the latter state, must be determined by the laws of New Jersey.

**5. SAME—ACCUMULATIONS OF PERSONAL ESTATE.**

A conveyance executed in New Jersey, which provides for the disposition of accumulations of personalty situated in New York, after the determination of a trust therein, must be governed by the law of New Jersey; and by such law, which is the common law of England unchanged, such a disposition of personal estate is valid and effectual.

Appeal from judgment on report of referee.

Action by William H. Townsend against Robert Allen, Jr., executor of William McCoon, deceased, and James H. McCoon, and others, to obtain a settlement of the accounts of plaintiff as trustee under a deed of settlement, and the direction of the court as to the distribution of the trust-estate. The principal controversy in the suit was as to the validity of a deed of settlement executed by William McCoon in his life-time. There was a judgment in favor of plaintiff and certain of the impleaded defendants claiming under the deed of settlement, from which the defendant Robert Allen, Jr., executor, claiming under a will of the said William McCoon, executed after the deed of settlement, appeals. On the trial, the following opinion was rendered by the referee:

"In April, 1863, William McCoon, being a resident of the state of New Jersey, executed and delivered a certain trust-deed to three persons, viz., his brother, Cornelius McCoon, Benjamin B. Sherman, and William H. Townsend, who is the plaintiff in this action. All three of the trustees above named were, at the date of such trust-deed, residents of the state of New York. That instrument set forth that said William McCoon was, on the day it bears date, the owner of a large amount of personal property, consisting of certain specified stocks and bonds, and that, as it would be irksome and inconvenient for him to have the care and management of such property, he had resolved to transfer, assign, and set over the same to the trustees in such instrument named. And accordingly, by such trust-deed, the settlor assigned such property to his trustees, to have and to hold the same to and for the objects, intents, and purposes following, that is to say: To manage the fund to the best advantage according to their judgment and discretion, to collect all dividends, interest, and income arising therefrom, and, after supplying the settlor out of such income, if such income should be sufficient, with whatever money might be required by him for his maintenance and support, to invest the surplus in such securities as in their judgment might seem proper, to keep such securities, or, in their discretion, to sell the same, and, after sale, to reinvest the proceeds. For the purpose of carrying out the provisions of the foregoing instrument the grantor appointed his said trustees, and the survivor or survivors of them, his true and lawful attorneys in fact, to do all such acts as might be necessary in the premises. The deed further provided that the assignment of the property which it conveyed, and the power which it conferred, were made and granted on the express condition that said trustees would at all times, during the natural life of the grantor, well and faithfully manage the trust-fund to the best of their ability, and would, during the natural life of the grantor, furnish and pay over to him out of the income of the said property, from time to time, such sums of money as might be needed for his reasonable support and maintenance, and would, if the income should not be sufficient for that purpose, make up and supply the deficiency out of the capital of the property assigned, and would, upon his death, transfer all of the fund that should remain in their hands to and among such persons as would be entitled to the same as next of kin of the grantor, 'according to the directions of the statute of distributions of the state of New York.'

"The property whose disposition was ordered by the instrument above described had been inherited by William McCoon from his father and his mother. From the time of their death it had been in the hands of his brother Cornelius, one of the persons named as trustee in the above-described deed. He had managed the same and paid over the income, as desired, to his brother

William.   After the execution of the deed Cornelius continued to manage the
property for some two years.   Then, on account of his ill health, he trans-
ferred the same to this plaintiff.   The plaintiff continued to collect the income
and to apply the same to the use of William McCoon until the latter's death,
on December 27, 1877.   It appears in evidence that William continued to re-
side in the state of New Jersey from the time he executed the trust agreement
until he died.   He left an instrument purporting to be his last will and testa-
ment, which has since been admitted to probate as such in the proper court
of the state of New Jersey.   By that will he gave to Rachel Trafford, wife of
John Trafford, 'the sum of five thousand dollars out of the moneys or prop-
erty I heired or am entitled to out of or from the estates of my deceased sis-
ters, Amelia McCoon and Phœbe McCoon;' and to his nephews, Edwin S.
Townsend and Frank W. Townsend, 'five thousand dollars apiece out of the
moneys or property I heired or am entitled to, or may be entitled to, out of
or from the estates of my said deceased sisters;' and to Margaret T. Trafford
five hundred dollars 'out of the moneys or property I heired or am entitled
to, or may be entitled to, out of or from the estates of my said deceased sis-
ters:' All the residue of his property he gave by his will to Edwin S. Towns-
end, Frank W. Townsend, and Rachel. Trafford, to be divided between them
share and share alike.

"At the time of his death the persons who constituted, according to the
statute of distributions of the state of New York, his next of kin were:   (1)
Mary A. McCoon, his sister; (2) Annie A. Waterbury, Caroline A. Gunther,
and James H. McCoon, children of his deceased brother, Cornelius; (3) Ed-
win S. Townsend and Frank W. Townsend, two of the residuary legatees un-
der the will aforesaid, children of his deceased sister who was the wife of the
plaintiff in this action.   Upon this state of facts rival contentions have arisen.
On the one side it is claimed that, under the provisions of the trust-deed, the
fund here in question should be distributed among William McCoon's next
of kin.   In opposition it is insisted:   *First*, that the trust agreement itself
is invalid and inoperative, and that, accordingly, all the property of which it
undertakes to dispose must be distributed according to the directions of the
settlor's will; and, *second*, that even though the agreement is not invalid *in
toto*, so much of the fund here accounted for as represents accumulations of
income must be held to have been suffered to accumulate pursuant to an un-
lawful direction of the settlor of the trust, and must be distributed, there-
fore, as part of his residuary estate, in accordance with the directions of his
will.

"It appears that the property transferred by the deed of 1863 consisted en-
tirely of personalty.   In view of that fact, and of the further facts that, at the
time of the execution of such deed, William McCoon was a resident of the
state of New Jersey, and continued to be a resident of that state uninterrupt-
edly until his death, I hold that the validity and effect of the disputed instru-
ment must be determined in accordance with New Jersey laws.   The cir-
cumstances that Cornelius McCoon had in his hands, at the time the trust-
deed was executed, the property to which it relates, and had, for a considera-
ble period theretofore, managed and controlled the same for the use and benefit
of his brother William, and the other circumstances which are referred to in
the brief of counsel for one of William's executors, as supporting his claim
that the evidence establishes such relation between the settlor and his brother
as to create a presumption, not rebutted and overthrown by opposing evidence,
that the transfer to Cornelius was fraudulent and void, are not, in my judg-
ment, sufficient to warrant the findings in that regard for which such coun-
sel contends.   There is no evidence tending to show that the making and ex-
ecution of the trust agreement were induced by any influence exerted by Cor-
nelius.   Any benefit that Cornelius could have derived from the agreement was
contingent upon his surviving his brother, and, even in that event, he would

have taken under the trust agreement no more than the statute of distributions would have awarded to him in case his brother had died intestate. William McCoon continued to recognize the validity and effectiveness of the trust-deed for more than 20 years after Cornelius gave up the control and management of the fund, and the language which he used in his will, executed about 4 years after that control and management had been surrendered, strongly tends to show that he then considered that the property which he had derived from his father and his mother was no longer subject to his disposition. If the construction of the trust-deed were dependent upon the laws of New York, it may be that its direction regarding the disposition of surplus income would be invalid as directing an unlawful accumulation; but, as such direction is not prohibited by the laws of New Jersey, I hold that the income accumulated must follow the principal fund, and be distributed by the trustee to William McCoon's next of kin, as determined by the New York statute of distributions."

Argued before VAN BRUNT, P. J., and DANIELS, J.

*John R. Tresidder*, for appellant, Allen. *A. P. & W. Man*, (*William Man*, of counsel,) for McCoon and others, respondents. *Hund & Bonney* and *Pell & Jones*, (*George B. Bonney*, of counsel,) for Townsend, respondent. *Theodore De Witt*, for Lockman and another, respondents.

VAN BRUNT, P. J. In view of the complete statement of facts contained in the referee's opinion, it is not necessary to state the same in detail here, and we might very well rest our decision upon the opinion of the referee, were it not, perhaps, proper to note one or two objections which are urged with great persistency upon the part of the appellant. It is claimed that the deed in question was void because of the fiduciary relations which existed between one of the trustees and the grantor in the trust-deed. This might be true were the provisions of the trust-deed unnatural, considering the relation of the parties to the same, or had there been any evidence from the nature of the instrument that the grantees therein were to be greatly benefited thereby. We find from the evidence in the case that the grantor in the deed recognized its existence for 24 years after its execution, and, by a will made shortly before his death, clearly had in mind the existence of this instrument, and in no way intended to dispute its validity. The grantor of the deed having so long acquiesced in its existence, having by his will reaffirmed its validity by the peculiar nature of the provisions of the will, showing that he had the trust-deed in mind, and that he knew that he had thereunder disposed of the estate of which it treated, how can his personal representatives be now permitted to undo that which the testator supposed he had effectually done, and defeat the very purposes which he had in mind at the time of making his will? It seems to us, under these circumstances, with not the slightest particle of proof attacking the good faith of the trustees in this matter, it would be carrying the doctrine of presumption to a most dangerous extent to hold that a trust-deed so long recognized, acquiesced in, and reaffirmed should be set aside simply upon presumption. And it is urged, further, that the agreement does not create a valid trust for the next of kin because it was made for the personal convenience of the settlor. We are not aware that the personal convenience of the settlor does not form a good consideration for the creation of a valid trust. If any authority were needed for the purpose of showing that a valid trust may be created for the convenience of a settlor, it is found in section 2463 of the Code, where the right of a party to convey property in trust for his own benefit is expressly recognized, where it provides that the article in reference to special proceedings shall not apply to any money, thing in action, or other property held in trust for a judgment debtor where a trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor,—a clear recognition of the right of a

party to convey trust property, the beneficiary use of which may be in himself. The instrument in question conveys the property to his trustees, and although he appoints them his attorneys in fact, it is simply for the purpose of aiding them in the execution of this trust, and gives direction for the disposition of the property upon the termination of the trust by the death of the settlor.

The claim that no estate vested in the next of kin,—that the instrument was simply a deed of contingency, and the direction therein contained testamentary, and was revoked by his will,—is entirely unsupported by the language of the instrument, and by the fact that, in the will of the settlor, the existence of this deed and a belief in the efficacy of its provisions is distinctly manifested.

The objection that the deed contains a direction for the accumulation of personal property in contravention of the statute is one of greater weight. It may be doubtful whether the provisions of this deed can be treated as a direction for the accumulation of income. By its provisions the settlor is to have all the money required for his support which the estate may produce, and, if necessary, such part of the principal as may be required. To be sure there is no provision for the payment over to the settlor of any excess of income which he might not require for his support, but, as he is the judge by the terms of the deed as to the amount which he shall require, and the provision in regard to reinvestment only applies to that which he shall not draw, there does not seem to be any contravention of the statute in the provisions of the deed. Furthermore, the settlor at the time of the execution of this deed was a resident of New Jersey. It would appear that he lived there until his death. His will was probated in that state, and the executor here contesting is the executor appointed under that will by the probate court of Monmouth county, N. J. The distribution of the personal property is made according to the laws of the domicile of its owner, and, although this property was actually situate within the state of New York, yet its legal *status* was at the domicile of its owner, in the state of New Jersey. Such being the condition, it would seem that the laws of the state of New Jersey should govern in respect to the validity of the provisions of this deed, and not the laws of the state of New York; and it is conceded that under no circumstances are the provisions of the deed in respect to the accumulation of income in contravention of the laws of the state of New Jersey. The judgment appealed from should be affirmed, with one bill of costs.

DANIELS, J. I concur.