John Shannon, Plaintiff, *v.* Irving Trust Company, as Trustee under a Certain Indenture of Trust Dated December 12, 1929, and Others, Defendants.

First Department, February 14, 1936.

G. *Gilbert Palmer* of counsel [*Hines, Rearick, Dorr & Hammond,* attorneys], for the plaintiff.

*Herbert P. Carter* of counsel [*Howard Carter* with him on the brief; *Gifford, Woody, Carter & Hays,* attorneys], for the defendants Irving Trust Company, as trustee under the indenture dated December 12, 1929, and as executor of and trustee under the will of Goewey F. Shannon, and Joseph G. Shannon.

*Mark W. Maclay* of counsel [*Francis J. Rogers* with him on the brief; *Morgan & Lockwood,* attorneys], for the defendant The Hill School.

McAVOY, J. On December 12, 1929, defendant Joseph G. Shannon, a resident of New Jersey, and Irving Trust Company executed and delivered at the office of trustee in New York city an indenture of trust. At the same time and place the grantor delivered to the trustee the shares of stock listed in the indenture, to be held by the trustee pursuant to the indenture. At all times since that date the trustee has held these securities within the State of New York, and has administered the trust in full accord with the terms of the indenture.

The indenture establishes an irrevocable trust for the benefit of grantor's wife, Goewey Shannon, for life, and after her death, for the benefit of grantor's son, John Shannon, the plaintiff in this action, for his life. The remainder in the trust, after the expiration of the two preceding life estates, is directed by the indenture to be distributed to plaintiff's issue, or if he should die without issue, to The Hill School, of Pottstown, Pa., for the erection of a building as a memorial to plaintiff.

Specifically, the indenture provides for the payment to Goewey Shannon during her life of the sum of $1,000 per month out of the net income of the trust. Income in excess of $1,000 per month is directed by the indenture to be accumulated until such income, together with the principal of the trust, shall produce an income of $15,000 per annum, at which time and thenceforth the trustee is directed to pay the full income to her for life. It is provided, however, that should the annual income from the trust thereafter fall below $15,000, the income of Goewey Shannon shall be reduced to $1,000 per month until the income again reaches $15,000 per annum, whereupon the full income shall again be paid to her.

The indenture further provides that upon the death of Goewey Shannon, grantor's son, John Shannon, the plaintiff herein, shall receive a life interest in the income of the trust. The income payable to him is, however, restricted so that at all times prior to his arriving at the age of thirty-five, he can receive in each year only a fixed amount which is now, and may always, until he is thirty-five, be less than the total net income from the trust. Specifically, the indenture provides that plaintiff shall receive the following income from the trust during the respective periods preceding his attainment of the following ages: Until he is twenty-five, $3,000 per year; from twenty-five to thirty, $5,000 per year; from thirty to thirty-five, $10,000 per year.

Thereafter plaintiff is to receive the entire income from the trust. All income in excess of these specific sums is directed by the indenture to be accumulated by the trustee and added to the principal of the trust.

From the time of the creation of the trust until December 26, 1933, when Goewey Shannon died, the trustee paid to her, as directed by the indenture, income from the trust at the rate of $1,000 per month, and accumulated and added to the principal of the trust excess income in the amount of $6,370.16. This sum the trustee now holds, together with the principal of the trust.

Plaintiff is now upwards of twenty-three years of age and is, consequently, now receiving income from the trust at the rate of $3,000 per year. The excess income over $3,000 per year has, since December 26, 1933, the date of the death of Goewey Shannon, been and is now being accumulated by the trustee, pursuant to the indenture. The total excess income which had been accumulated between December 26, 1933, and the date of the submission of this controversy amounted to $10,806.72. This sum is in addition to the excess income in the sum of $6,370.16 accumulated prior to the death of Goewey Shannon. The trustee, therefore, now holds a total of $17,176.88 in addition to the principal of

the trust, together with such amounts as have been accumulated since this action began. Plaintiff, as the presumptive holder of the next eventual estate, claims he is entitled to receive these sums by reason of the invalidity of the provisions of the indenture providing for the accumulation of income.

The grantor still resides in Jersey City, and his wife, Goewey Shannon, died a resident of New Jersey. John Shannon, their son and the plaintiff herein, was born on December 11, 1911, and resided with his parents in New Jersey until in or about the month of July, 1929, at which time he was appointed to the United States Naval Academy at Annapolis, Md., and remained until his graduation in June, 1933. After his graduation he was assigned to and has since been on active naval duty with United States steamship *Mississippi*, to which he is now attached. Plaintiff is unmarried, has no issue living and has no living brothers or sisters.

The trust indenture provides that " the trustee shall receive for its services, its necessary expenses and the commissions allowed testamentary trustees by the laws of the State of New York instead of the laws of the State of New Jersey, but otherwise the laws of the State of New Jersey shall govern this trust indenture and any construction to be placed thereupon or interpretation thereof." The parties hereto agree that the accumulations are valid according to the laws of the State of New Jersey. However, plaintiff contends that New York law controls the validity of the accumulation provisions of this trust, because the trust is being administered in New York, the trustee domiciled and present in New York, the trust *res* is located here, and the trust indenture was executed and delivered here. It is, therefore, argued that the provision for accumulations is invalid and that plaintiff is entitled to the amounts already accumulated.

It was the intention of the parties to the deed of trust, as expressly provided in that instrument, that the laws of New Jersey should be applied to the question of the validity of the accumulations.

Both principle and authority assert that the grantor's and the beneficiaries' New Jersey domicile is a reasonable basis for sustaining the declaration of the parties that New Jersey law shall apply to the question.

Frequently the New Jersey courts have held that the rule as to accumulations there is as agreed to by the parties to this trust instrument. (*First Camden Nat. Bank & Trust Co.* v. *Collins*, 114 N. J. Eq. 59; 168 A. 275.)

That the laws of New Jersey permit accumulations during lives in being was recognized by the courts of this State. (*Townsend* v. *Allen*, 13 N. Y. Supp. 73; affd., 126 N. Y. 646.)

Prior to the case of *Hutchison* v. *Ross* (262 N. Y. 381) there was not the slightest doubt that a trust valid by the law of the domicile of the settlor would be declared valid in this State. *Mobilia personam sequuntur.*

The case of *Townsend* v. *Allen* (*supra*) is strikingly similar to the case now before us. However, that case was held inapplicable to the point discussed in *Hutchison* v. *Ross* (*supra*) on the ground that the court in the *Townsend* case, although it assumed the New Jersey law to be applicable, also found that the trust did not violate New York law.

Nevertheless, the *Townsend* case is an important authority in the long line of decisions in this State which have upheld the intention of the parties to a trust instrument where the rule against perpetuities was involved. These cases have consistently found the law of the domicile of the settlor to be a sufficient basis for upholding the trust. (*Parsons* v. *Lyman*, 20 N. Y. 103, 112; *Cross* v. *U. S. Trust Co.*, 131 id. 330, 339; *Dammert* v. *Osborn*, 140 id. 30, 38; *Bishop* v. *Bishop*, 257 id. 40, 50.)

In *Hutchison* v. *Ross* (*supra*, at p. 395) the following appears: " It follows that the validity of a trust of personal property must be determined by the law of this State, when the property is situated here and the parties intended that it should be administered here in accordance with the laws of this State."

The Court of Appeals did not hold that the law of this State would always be applied to trusts of personal property located here nor that the law of the domicile should not be applied to validate a trust. On the contrary, it is clear that the court recognized the existing law by reason of which the law of the domicile may be applied.

Section 12-a of the Personal Property Law provides: " Validity of trusts of personal property. Whenever a person being a citizen of the United States, or a citizen or a subject of a foreign country, wherever resident, creates a trust of personal property situated within this State at the time of the creation thereof, or of which the trustee is a resident of this State, or a domestic corporation or national bank located within this State, duly authorized by law to act as trustee, and declares in the instrument creating such trust that it shall be construed and regulated by the laws of this State, the validity and effect of such trust shall be determined by such laws."

It would seem that the Legislature, in passing said section 12-a and making New York law applicable to the trusts of a non-resident when he so declared, by implication provided that the law of another State would apply when such intention was declared.

To uphold a trust valid by the law of the settlor's domicile does not violate the public policy of this State.

The cases have uniformly held that the public policy of New York confines the New York rule against perpetuities to trusts established by residents and to be administered here.

The defendants are entitled to judgment that the provision for accumulations under the indenture dated December 12, 1929, and all accumulations made pursuant thereto are legal and valid, and the trustee shall continue to hold under the indenture such accumulations together with any future accumulations made in accordance with the terms of the indenture; said judgment, in accordance with the submission, to be without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment directed for defendants as stated in opinion, without costs. Settle order on notice.