JOHN SHANNON, Appellant, *v.* IRVING TRUST COMPANY, as Trustee, et al., Respondents.

Argued May 25, 1937; decided July 13, 1937.

*G. Gilbert Palmer* for appellant. A trust of personal property is governed by the law of the State where the property and the trustee are located and the trust is to be administered. (*Hutchison* v. *Ross,* 262 N. Y. 381; *Ross* v. *Ross,* 233 App. Div. 626; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Hope* v. *Brewer,* 136 N. Y. 126; *Curtis* v. *Curtis,* 185 App. Div. 391; *Peabody* v. *Kent,* 153 App. Div. 286; 213 N. Y. 154; *Mount* v. *Tuttle,* 183 N. Y. 358; *Fordyce* v. *Bridges,* 2 Phil. 497; *Van Grutten* v. *Digby,*

31 Beav. 561; *Matter of Fitzgerald,* 1 Ch. 933.) The New York statutes regarding accumulations are an expression of the public policy of the State concerning the holding of property within this State; the reference in the indenture to the laws of New Jersey cannot make the accumulations valid in contravention of that public policy. (*Carrier* v. *Carrier,* 226 N. Y. 114; *Church* v. *Wilson,* 152 App. Div. 844; 209 N. Y. 553; *Cope* v. *Wheeler,* 41 N. Y. 303; *New York Life Ins. Co.* v. *Cravens,* 178 U. S. 389; *Wilmington Trust Co.* v. *Wilmington Trust Co.,* 186 Atl. Rep. 903; *Morris* v. *Morris,* 272 N. Y. 110; *Hutchison* v. *Ross,* 262 N. Y. 381.) Plaintiff is entitled to the amounts already accumulated, for he is the party presumptively entitled to the next eventual estate. (Cons. Laws, ch. 50, § 63; Cons. Laws, ch. 41, § 11; *Cook* v. *Lowry,* 95 N. Y. 103; *Manice* v. *Manice,* 43 N. Y. 303; *Bloodgood* v. *Lewis,* 146 App. Div. 86; 209 N. Y. 95; *Central Union Trust Co.* v. *Trimble,* 255 N. Y. 88; *Pray* v. *Hegeman,* 92 N. Y. 508.)

*Herbert P. Carter* and *Howard Carter* for Irving Trust Company et al., respondents. The accumulation provisions are valid according to the law of New Jersey, where the settlor is domiciled and whose law the parties declared shall govern. (*Croker* v. *Croker,* 252 N. Y. 24; *Hanna* v. *Stedman,* 230 N. Y. 326; *First Camden Nat. Bank & Trust Co.* v. *Collins,* 114 N. J. Eq. 59; *Van Riper* v. *Hilton,* 78 N. J. Eq. 371; *Hewitt* v. *Green,* 77 N. J. Eq. 345; *Townsend* v. *Allen,* 36 N. Y. St. Repr. 523; 126 N. Y. 646.) The law of the settlor's domicile may be applied to sustain the provisions of a trust of personal property. (*Townsend* v. *Allen,* 36 N. Y. St. Repr. 523; 126 N. Y. 646; *Parsons* v. *Lyman,* 20 N. Y. 103; *Cross* v. *United States Trust Co.,* 131 N. Y. 330; *Dammert* v. *Osborn,* 140 N. Y. 30; *Bishop* v. *Bishop,* 257 N. Y. 40; *Sullivan* v. *Babcock,* 63 How. Pr. 120; *Maynard* v. *Farmers Loan & Trust Co.,* 208 App. Div. 112; 238 N. Y. 592; *Equitable Trust Co.* v. *Pratt,* 117 Misc. Rep. 708; 206

App. Div. 689; *Curtis* v. *Curtis*, 185 App. Div. 391; *Morris* v. *Sheehan*, 112 Misc. Rep. 222.) The intention of the parties should be sustained whenever possible. (*Gilbert* v. *Burnstine*, 255 N. Y. 348.) There is no lack of uniformity or certainty in testing trusts of personalty by the law of the domicile in some circumstances and by the law of the situs in other circumstances. (*Matter of Tinker*, 124 Misc. Rep. 723; *Matter of Froment*, 135 Misc. Rep. 483; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Cross* v. *United States Trust Co.*, 131 N. Y. 330.) To uphold a trust valid by the law of the settlor's domicile does not violate the public policy of the State of New York. (*Dammert* v. *Osborn*, 140 N. Y. 30; *Cross* v. *United States Trust Co.*, 131 N. Y. 330; *Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166; *Mertz* v. *Mertz*, 271 N. Y. 466.)

*Francis J. Rogers* and *Mark W. Maclay* for The Hill School, respondent. The law of New York will recognize and give effect to the expressed intent of the grantor to have the trust indenture construed in accordance with the law of New Jersey. (*Dammert* v. *Osborn*, 140 N. Y. 30; *Cross* v. *United States Trust Co.*, 131 N. Y. 330; *Bishop* v. *Bishop*, 257 N. Y. 40; *Equitable Trust Co.* v. *Pratt*, 117 Misc. Rep. 708; 206 App. Div. 689; *Liberty Nat. Bank & Trust Co.* v. *New England Investors Shares*, 25 Fed. Rep. [2d] 493; *Hutchison* v. *Ross*, 262 N. Y. 381.) It will not violate the public policy of the State of New York to have the trust indenture construed in accordance with the laws of New Jersey. (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166; *Cross* v. *United States Trust Co.*, 131 N. Y. 330.)

*Richard S. Emmet* and *John L. Merrill, Jr.*, for Bank of New York and Trust Company, *amicus curiæ*. The validity of the trust depends solely upon the public policy of this State. (*Hutchison* v. *Ross*, 262 N. Y. 381.) Foreign settlors may act here in reliance on their

domiciliary law. (*Townsend* v. *Allen,* 13 N. Y. Supp. 73; 126 N. Y. 646; *Cross* v. *United States Trust Co.,* 131 N.Y. 330.)

*Thomas A. Ryan* and *William Parsons* for Milbank, Tweed, Hope & Webb, *amicus curiæ.* New York will give effect to the intention of a creator of a trust that the law of his domicile or the law of the situs of the trust should govern its validity. (*Holmes* v. *Remsen,* 4 Johns. Ch. 460; *Sullivan* v. *Babcock,* 63 How. Pr. 120; *Townsend* v. *Allen,* 59 Hun, 622; 126 N. Y. 646; *Maynard* v. *Farmers Loan & Trust Co.,* 208 App. Div. 112; 238 N. Y. 592; *Equitable Trust Co.* v. *Pratt,* 117 Misc Rep. 708; 206 App. Div. 689; *Curtis* v. *Curtis,* 185 App. Div. 391; *Swetland* v. *Swetland,* 105 N. J. Eq. 608; 107 N. J. Eq. 504; *Greenough* v. *Osgood,* 235 Mass. 235; *Liberty Nat. Bank & Trust Co.* v. *New England Investors Shares,* 25 Fed. Rep. [2d] 493; *Cross* v. *United States Trust Co.,* 131 N. Y. 330; *Dammert* v. *Osborn,* 140 N. Y. 30; *Bishop* v. *Bishop,* 257 N. Y. 40; *Hutchison* v. *Ross,* 262 N. Y. 381.) To uphold the validity of the trust would not contravene the public policy of this State. (*Dammert* v. *Osborn,* 140 N. Y. 30; *Cross* v. *United States Trust Co.,* 131 N. Y. 330; *Bishop* v. *Bishop,* 257 N. Y. 40; *Hollis* v. *Drew Theological Seminary,* 95 N. Y. 166.)

RIPPEY, J. On December 13, 1929, a trust indenture was duly executed in the city of New York between Joseph G. Shannon, who was then a resident of Jersey City and domiciled within the State of New Jersey, and the Irving Trust Company, a corporation organized and existing under the laws of the State of New York with its principal office at 233 Broadway, New York city, as trustee, whereby an irrevocable trust was created for the benefit, among others, of Goewey F. Shannon, wife of the settlor, and plaintiff herein, John Shannon, the son of the settlor, both of which beneficiaries were then residents of and domiciled within the State of New Jersey. At the

same time, the settlor delivered to the trustee various stocks, funds, securities and properties set forth in a schedule annexed to the instrument. Thereupon the trustee entered upon the administration of the trust at its office in the city of New York and has continued to administer it to the time of the commencement of this action. The trust created for the wife consisted of fixed items of income with the provision that all income in excess of the amount named should accumulate and become part of the principal of the trust. Up to December 26, 1933, when Goewey F. Shannon died, she continued to be a resident of and domiciled within the State of New Jersey and her sole heirs at law and next of kin, both under the laws of New Jersey and of New York, were her husband and son aforesaid. The trust instrument provided that upon her death the trustee should thereafter pay to the son, John Shannon, monthly, an aggregate annual income of $3,000 until the son should arrive at twenty-five years of age; that thereafter the income to the son, payable in monthly installments, should aggregate $5,000 per year until the son arrived at the age of thirty years; that thereafter the income to the son should be increased to $10,000 per year until he should arrive at the age of thirty-five years, after which time he should receive the full income from the trust estate for the balance of his life. All income in excess of the amounts thus payable to the son was directed to become a part of the trust estate. The trust instrument provided that, at the death of the son, the principal and accumulated income should pass to the issue of the son or, if the son should die without issue surviving, to the Hill School of Pottstown, Pa. At the time the trust was created, the plaintiff was a resident of and domiciled within the State of New Jersey and his domicile has continued in that State to the time of the commencement of the action. There accumulated in the hands of the trustee income in excess of the amount paid to the wife according to the terms of the trust in the

sum of $6,370.16, and the sum of $10,608.72 in excess of the income paid to the son since the death of the wife. Other provisions of the trust instrument are not material, except the last clause, which reads as follows: " The Trustee shall receive for its services, its necessary expenses and the commissions allowed testamentary trustees by the laws of the State of New York instead of the laws of the State of New Jersey, but otherwise the laws of the State of New Jersey shall govern this trust indenture and any construction to be placed thereupon or interpretation thereof."

Upon submission to the Appellate Division in the first department pursuant to sections 546–548 of the Civil Practice Act, the plaintiff contended that the validity of the trust is to be determined by the laws of the State of New York and, inasmuch as the provisions for accumulations of income are void under section 16 of the Personal Property Law (Cons. Laws, ch. 41) of the State of New York (Laws of 1909, ch. 45), the accumulations should be paid over to him as the person presumptively entitled to the next eventual estate (*St. John* v. *Andrews Institute for Girls*, 191 N. Y. 254), while the defendants assert that the validity of the trust provisions is to be determined by the laws of the State of New Jersey, where the accumulations are valid. (*Townsend* v. *Allen*, 59 Hun, 622; affd., 126 N. Y. 646.) The Appellate Division found that the trust was valid and certified to this court that a question of law was involved which ought to be here reviewed.

Much confusion has existed concerning the law that controls the validity and administration of *inter vivos* trusts of intangible personal property where the domicile of the settlor is in one State and the *situs* and place of administration is in another. No invariable rule can be formulated for all cases involving varying facts. The domicile of the settlor is no longer the absolute and controlling consideration (*Hutchison* v. *Ross*, 262 N. Y. 381;

*Matter of Brown,* 274 N. Y. 10). Where the domicile of the owner of the *res* and the actual and business *situs* of the trust do not coincide, the law applicable to the interpretation, construction and validity of the trust and the legal obligations arising out of it and to taxation depend upon facts involved in and circumstances surrounding the particular case. In such a situation, the express or clearly implied intent of the settlor may control. Thus, where the actual and business *situs* of the trust, intent of the settlor that his domiciliary law shall not be applied to test its validity and administration, and domicile of the trustee coincide, the law of the place of location and administration of the trust controls, regardless of the place of execution of the trust instrument. (*Hutchison v. Ross, supra.*)

In the case at bar the execution of the trust instrument, the location of the *res*, the domicile of the trustee and the place of administration of the trust are in the city of New York. The intent of the settlor that in all matters affecting the trust except remuneration of the trustee his domiciliary law shall govern is expressly stated in the body of the trust instrument. The intent is manifest; no uncertainty exists. The instrument should be construed and a determination of its validity made according to the law chosen by the settlor unless so to do is contrary to the public policy of this State.

It is unnecessary to enter into any extensive consideration of what is meant by the term " public policy " of the State. Its limitations and extent under varying conditions in connection with enforcement here of foreign law have been fully considered by this court. (*Cross v. United States Trust Co.,* 131 N. Y. 330; *Loucks v. Standard Oil Co.,* 224 N. Y. 99; *Mertz v. Mertz,* 271 N. Y. 466; *Hutchison v. Ross, supra,* and antecedent decisions therein cited.) It has been held that a State can have no public policy except when it is to be found in its Constitution, statutes or judicial records. If our public policy is clearly

defined in our Constitution or statutes, it must invariably control judicial decision. If not found in the Constitution or statutes of the State, it may be established by judicial decision. If guidance is still lacking, to enforce the laws of a sister State is not contrary to our public policy unless to do so would be manifestly injurious to the public interest or shocking to our morals or contrary to fundamental principles of justice or " deep rooted traditions of the common weal." (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166.)

It is stipulated in this case that accumulation of income and addition thereof to the corpus of a trust are valid under the laws of the State of New Jersey. In *McGill* v. *Trust Co. of New Jersey* (94 N. J. Eq. 657) it is said: " The rule against perpetuities is in force in this state as a part of the common law [citing cases]. That rule requires that all future interests, legal or equitable, in realty (except dower and curtesy and rights of entry for conditions broken) or personalty, which are contingent and indestructible, must be such as necessarily to vest, if at all, within the term measured by the life or lives of a person or persons in being at the time of the creation of the interest and twenty-one years thereafter; otherwise they are invalid and void " (p. 664). Under that rule, the trust as to the corpus of the estate is valid. All accumulations of income in excess of the amounts specifically directed to be paid to plaintiff and his mother become a part of and pass with the corpus and are in aid of the ultimate gift. Inasmuch as the ultimate gift of the corpus is valid as vesting within the period of a life or lives in being at the date of the creation of the trust and twenty-one years, the provision for the accumulations of excess income is not void. (*Van Riper* v. *Hilton*, 78 N. J. Eq. 371.)

Consideration of the New Jersey law and our own relating to perpetuities and accumulations of income will indicate that our policy in that connection is substantially

the same as that of New Jersey. This fact has been made clear when our law and that of other sister States have been involved. In *Cross* v. *United States Trust Co.* (*supra*), one Phoebe Jane Cross, whose residence and domicile were in the State of Rhode Island, died in New York city leaving a will executed in the State of New York and dated May 29, 1877, in which she created a trust of personal property for the benefit of her husband and each of her four children, with the United States Trust Company, a New York corporation, as trustee. The trust was invalid under the laws of New York at the domicile of the beneficiaries and trustees where it was to be administered, as " within the statutory prohibition against the suspension of the absolute ownership and power of disposition of personal property " (p. 337), but valid under the laws of the settlor's domicile when the will was made. Rhode Island had a statute in respect to perpetuities. In that case the court said: " The only material difference in the law of the two states on this subject is that in each a different rule is adopted for measuring the period within which absolute ownership may lawfully be suspended " (p. 342). " It does not follow that a trust created by the laws of another state is contrary to our public policy with respect to accumulations and the suspension of the absolute ownership, simply because the law of that state differs in some respects from ours. It may be assumed that all our sister states have enacted laws on this subject having the same general purpose in view as our own. Some of them permit a longer and others provide for a shorter period of suspension, but the policy of all is the same " (pp. 341, 342). To like effect are the decisions in *Chamberlain* v. *Chamberlain* (43 N. Y. 424) and *Dammert* v. *Osborn* (140 N. Y. 30), and see *Hollis* v. *Drew Theological Seminary* (*supra*). There can be no valid distinction raised between testamentary trusts and trusts *inter vivos* so far as questions of public policy are concerned. The general policy of

New Jersey and New York to put some limitation on the absolute suspension of the power of alienation of property and the accumulation of income from trusts is the same. Difference arises only as to the ending of the period during which such power to suspend alienation and to provide for accumulation of income may be permitted.

Under the facts existing in the case at bar, after applying the tests above indicated, we find nothing in our public policy which forbids extending comity and applying the New Jersey law so as to carry out the wish of the settlor and sustain the trust. The positive direction contained in the trust instrument that the validity of the trust should be determined by the law of the settlor's domicile must prevail. Our decision here does not extend, however, beyond instances where conflict arises between the domiciliary law of the settlor and the law of the *situs* of the trust where the construction and validity of trusts *inter vivos* are involved.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.