## Darlington Trust

*Willis McCook Miller, Charles J. Queenan, Jr.* and *William A. Wick,* for exceptants.

*James H. Beal* and *Carl E. Glock, Jr.,* for accountants.

*Charles R. Burke, Joseph Daniels* and *Byron P. Hollett,* for remaindermen.

BOYLE, P. J., December 7, 1960—The question raised by exceptions filed by the estate of a deceased

life tenant to the first interim account of trustees of an inter vivos trust is whether the rights of life tenants and remaindermen in the distribution of stock dividends and other extraordinary receipts of the trust are governed by the law of the Commonwealth of Pennsylvania which requires apportionment of these items or by the law of the State of Indiana which does not require apportionment.

The trust was created by Elise W. B. Darlington, a resident of Indianapolis, Ind., by a deed dated February 18, 1925, at which time she was about 67 years of age, having been domiciled in Indiana for 35 years. The settlor's son, Frank G. Darlington, Jr., a resident of Allegheny County, and Peoples Savings and Trust Company of Pittsburgh, now Pittsburgh National Bank, were appointed trustees in the deed of trust. The settlor forwarded the securities comprising the trust estate to the trustees at Pittsburgh several days before she signed the deed of trust at Indianapolis. The instrument was then forwarded to Pittsburgh where it was signed by the trustees who had accepted delivery of the trust assets. The situs of the trust estate has always been and is now in Pittsburgh, Pa. It is conceded that the purpose of creating the trust was to avoid certain Indiana personal property taxes which would have been imposed had these trust assets remained at the domicile of the settlor. . . .

The exceptant contends that the question before the court is one of the legal effect of the language used by the settlor in the deed of trust. It is asserted that this necessarily moves the resolution of the question under the law of Pennsylvania, in which State the trust is being administered and where, as alleged, the trust has its most substantial connections. It is argued that the question whether stock dividends and extraordinary receipts should be allocated to income or principal is a question of administration which is gov-

erned by the law of Pennsylvania wherein is the situs of the trust and the place where the trust res is being administered. The exceptant points to Restatement, Conflict of Laws, §297, which provides:

"§297. Administration of Trust of Movables Created Inter Vivos.

"A trust of movables created by an instrument inter vivos is administered by the trustee according to the law of the state where the instrument creating the trust locates the administration of the trust."

Exceptant also cites Beale, Conflict of Laws, vol. II, p. 1024, §297.2, and other authorities as supporting its position.

The proponents of the account contend that the question before the court involves a determination of the intention of the settlor from the language used in the deed of trust and from the facts and circumstances attending the making of the deed of trust and from facts occurring during the administration of the trust prior to the settlor's death. The proponents cite Restatement, Conflict of Laws, §296, which provides:

"§296. Interpretation of Trust Instrument.

"The meaning of the words used in an instrument creating a trust of movables is, in the absence of controlling circumstances to the contrary, determined in accordance with usage at the domicil of the settlor of the trust at the time of the execution of the instrument which created it."

Proponents also cite Rice Trust, 8 D. & C. 2d 379; Bank of New York v. Shillito, 14 N. Y. S. 2d 458; Matter of Bank of New York (Emmons), New York Law Journal of February 5, 1959, as supporting their position.

The custom and usage in the State of Indiana in 1925 was that stock dividends and other extraordinary receipts of a trust were treated as principal and no portion of such receipts was considered as income.

The Massachusetts rule was followed. This appears from the testimony of Francis A. Ohleyer, vice president and senior trust officer of American Fletcher National Bank and Trust Company, Indianapolis, Ind. In 1935 the Supreme Court of Indiana declared this custom and usage to be the law of that state in the case of Powell v. Madison Safe Deposit & Trust Co., 208 Ind. 432, 448, 449, 196 N. E. 324, 327, 331, which involved a trust created in 1913.

The evidence submitted proves, inter alia, the following facts:

(a) Settlor had been a resident of the State of Indiana for 35 years at the date of the signing of the deed of trust in 1925. Her domicile was in that State until her death in 1929.

(b) The trust was created upon the urging of settlor's son, Frank G. Darlington, Jr., who was in the employ of the corporate cotrustee whose principal office was and is in the City of Pittsburgh.

(c) The trust was created for the purpose of avoiding onerous personal property taxes imposed by the State of Indiana.

(d) The settlor had made her will at her domicile in Indiana on June 16, 1924. The making of the inter vivos trust was first suggested to her by her son Frank in November 1924. The deed of trust was signed by the settlor on February 18, 1925, at Indianapolis, Ind., and the trust provisions of the deed are substantially the same as those of the will.

(e) The settlor was desirous of conserving her estate for her children and after assurances that her making of a trust to be administered in Pennsylvania was an ethical procedure she created the trust.

(f) The only securities which went into the inter vivos trust in Pennsylvania were those which were taxable under the laws of Indiana.

(g) In her will and deed of trust her son, Frank, Jr., is appointed a cotrustee.

(h) The deed of trust was prepared originally in Pittsburgh. Revisions of the instrument were made in Indiana by the law firm of Baker and Daniels. Suggestions for the disposition of the ultimate remainder in accordance with Indiana law were accepted and incorporated into the instrument as well as a provision that the trustees were not to be bound by Pennsylvania law in the matter of legal investments.

(i) Exhibits CC, DD and EE show that the settlor possessed business acumen, that she understood the trustees' reports in the trust estate of her son, James, and believed that a gain on the sale of assets should be treated as principal.

(j) During the period from February 18, 1925, until her death on May 13, 1929, the settlor was the sole life beneficiary of the trust. She received 11 quarterly reports from the trustees during this period which listed as principal, items which were apportionable between principal and income under Pennsylvania law. These reports, which show the crediting of stock dividends and extraordinary receipts to principal, were accepted by the settlor without objection.

In trust cases involving conflict of laws, the intention of the settlor governs the determination of the jurisdiction whose law will be applied to resolve the question whether it be one involving apportionment, as in the case at bar, or some other question. This is so whether the intention is clearly expressed in the trust instrument or is implied from the language used and from the surrounding facts and circumstances: Guaranty Trust Company of New York v. Brunton, 74 N. Y. S. 2d 254, 258; Wilmington Trust Company v. Wilmington Trust Company (Del.), 24 A 2d 309, 313; Shannon v. Irving Trust Company, 275 N. Y. 95, 102, 9 N. E. 2d 792, 793-94.

The auditing judge holds that the language of the deed of trust in the case at bar and the facts and circumstances attending the making of the deed of trust by the settlor and her subsequent course of conduct until her death demonstrate the intention of the settlor that the provisions of the trust governing the substantive rights of the beneficiaries in the distribution of both principal and income of the trust shall be governed by the law of Indiana, the domicile of the settlor. Our conclusion is supported by the views of President Judge Taxis, of the Orphans' Court of Montgomery County, expressed in his able opinion in the case of Rice Trust, supra, 231-35. See also Bank of New York v. Shillito, supra, 462; Matter of the Bank of New York (Emmons), supra.

Some text writers assert that the apportionment of stock dividends and extraordinary receipts between life tenants and remaindermen is a question of administration. It would be contrary to law to hold that the determination of the substantive rights of the beneficiaries in the distribution of the assets of the trust is a question of administration. As Professor Beale, in his treatise on the Conflict of Laws, writes (vol. II, §297.2, p. 1024) : "Any question which arises after the trust has come into being is a question of the administration of the trust . . ." The property rights of beneficiaries of the trust are not matters which arise *after* the trust comes into being. These rights are vested at the moment the trust is created: Crawford Estate, 362 Pa. 458, 463; Warden Trust, 382 Pa. 311, 315. See also Stroud Estate, 23 D. & C. 2d 224, 227.

At the hearing in this case the exceptant offered in evidence as exhibit A about 50 letters and memoranda. These documents came into existence after the death of the settlor, some as long as 28 years later. They were offered for the purpose of showing the intent of

the settlor through the actions of her trustees after her death. The objection to the offer by counsel for the proponents of the account was sustained. The writings were all too remote and were not relevant to the question of the determination of the intention of the settlor. The acts of the trustees, or either of them, without the acquiescence of the settlor cannot be introduced as evidence of the settlor's intent: Booge v. First Trust and Savings Bank of Pasadena, 64 C. A. 2d 532, 535, 149 P. 2d 32, 34; Freier v. Longnecker, 227 Iowa 366, 288 N. W. 444, 90 C. J. S. §162, p. 31.

The objection to exceptant's offer of exhibit B, which is the record of the estate of Harry Darlington, deceased, at no. 284, December term 1921 in this court, was likewise sustained on the ground that it lacked relevance.

The auditing judge holds that the question before the court is one of interpretation and not of administration of the trust and that it is the intention of the settlor that the stock dividends and other extraordinary receipts of the trust be distributed in accordance with the laws of the State of Indiana.

A decree will be entered dismissing the exceptions.