Joseph A. Gtavagan, J.
This is a motion to vacate a warrant of attachment in an action by a daughter against her father to recover sums allegedly due her under the terms of the property settlement agreement between her parents which were purportedly payable for her support during her lifetime or until her marriage. Levy was made upon the Irving Trust Company, trustee of a spendthrift trust created by the will of defendant’s mother for his benefit, of “ all personal property which the defendant owns or in which he has an interest ’ ’ held by it. Objection is made to such levy on the ground that this property is exempt from attachment.
A right or interest, present or future, in a trust fund is subject to attachment, so long as it could be “legally assigned, released or alienated by the defendant ” (Civ. Prac. Act, § 916). Future income of a spendthrift trust may not be validly assigned or released (Personal Property Law, § 15) and, therefore, is exempt from attachment (Judis v. Martin, 218 App. Div. 402, appeal dismissed 244 N. Y. 605). In the instant case, however, there is concededly accrued income due and owing to the defendant, and since such funds may be validly assigned (Matter of Ohrbach, 4 Misc 2d 964), they are not totally immune from attachment. The fact that the total amount of such accumulation is awaiting clarification by the Surrogate’s Court would not destroy its alienability. It will merely affect the amount subject to attachment.
Attachment, however, is further limited to property not exempt from levy on execution (Civ. Prac. Act, § 912). Under the garnishee statute, ‘ ‘ wages, debts, earnings, salary, income from trust funds or profits * * * due and owing or may thereafter become due and owing to the judgment debtor ’ ’ are subject to levy only up to 10% of such income (Civ. Prac. Act, § 684). So far as wages are concerned, it was held by the Court of Appeals that sections 916, 912 and 684 of the Civil Practice Act must be considered together and that the 90% of wages exempt from garnishment must be equally exempt from attachment (Morris Plan Ind. Bank of N. Y. v. Gunning, 295 N. Y. 324). The rationale of the Morris Plan case is equally applicable to the matter at bar. That accumulated income is included in this limitation must be concluded from the plain language of the garnishee statute which indicates applicability to ‘ ‘ income from trust funds * * * due and owing to the judgment *705 debtor or shall thereafter become due and owing to him ” (Civ. Prac. Act, § 684).
For the foregoing reasons the motion is granted to the extent of amending the warrant so as to make it applicable to 10% of the accumulated income as herein indicated, and otherwise denied.