Samuel H. Hofstadter, J.
The petitioner, Barbara K. Wheat, is the former wife of John P. Wheat. She is a resident of Connecticut. On March 3, 1960, she and her then husband entered into a separation agreement in which he undertook to pay her $3,000 annually for her support and $3,000 annually for the support of their two children, subject to revision upwards or downwards in the event of prescribed increases or reductions of his income. On March 11, 1960, a divorce decree was entered in a court of competent jurisdiction in Alabama, which adopted the separation agreement as part of the decree and provided that the agreement was not to be merged into it. Claiming that Wheat had not made his required payments, the petitioner instituted an action in this court against him, in which she on July 19, 1963 obtained a warrant of attachment in the sum of $9,600, with interest, costs and expenses. A levy on his property held by the respondent, First National City Bank (bank), was made by service of a copy of the warrant on the bank. The bank certified to the Sheriff that John P. Wheat was the income beneficiary of two trusts of which it was trustee, one under his mother’s will and the other under an agreement with his father, now deceased. It was holding a reserve representing Wheat’s share of income in the testamentary trust of $4,795.33 and had set aside approximately $484 as his share of income in the other trust. The respondent having failed to pay over to the Sheriff any of the money so held, the petitioner has instituted the present special proceeding pursuant to subdivision (d) of section 6214 of the Civil Practice Law and Buies.
John P. Wheat was served by publication in the action in which the plaintiff obtained the attachment, but has not appeared therein and is in default. Apparently he is not a party to this application. The bank, however, urges in opposition that section 15 of the Personal Property Law of New York, which prohibits the transfer by assignment or otherwise of the right of the beneficiary to receive the income of a trust, exempts Wheat’s income under the two trusts from attachment.
It is undisputed that Wheat’s mother was at the time of her death domiciled in Connecticut and that her will was admitted *725 to probate in that State. The agreement creating the inter vivos trust recites that • its was executed and delivered in the State of Connecticut, is acknowledged by both parties thereto in the State of Connecticut, and declares in its article Eleventh that “ it shall be governed and construed in all respects according to the laws of the State of Connecticut ”. Effect is to be given to the choice so made by the settlor of the trust (Shannon v. Irving Trust Co., 275 N. Y. 95, 102).
The assignability of the income of the testamentary trust is likewise to be determined in accordance with the law of Connecticut, whether the question is regarded as an incident of administration (see Restatement, Conflict of Laws, § 243, Comment d) or whether the law of the State where the trust is established is ruled to be applicable (Sarver v. Towne, 285 N. Y. 264, 269 ; 2 Beale, Conflict of Laws, § 297. 2).
It is stated for the petitioner and not denied by the respondent that Connecticut has no statute equivalent to section 15 of the Personal Property Law. Effect may be given here to the law of Connecticut in this respect without violating the public policy of this State (First Nat. Bank v. National Broadway Bank, 156 N. Y. 459, 473-474).
Moreover, the absolute prohibition of section 15 of the Personal Property Law must yield when, as here, it is sought to apply the income of a trust beneficiary to the support of his family, whether the transfer in such case is voluntary or involuntary (Matter of Knauth, 12 N Y 2d 259; Wetmore v. Wetmore, 162 N. Y. 503, 510; Moore v. Moore, 143 App. Div. 428, 434, affd. 208 N. Y. 97; Matter of Boissevain, 40 Misc 2d 237, withdrawing prior decision in 34 Misc 2d 846).
There is, however, an impediment to a direction in this proceeding of the payment to the Sheriff of more than 10% of the income now in the hands of the respondent. Section 912 of the Civil Practice Act authorizes levy under an attachment only upon so much of the defendant’s property as is not exempt from levy and sale by virtue of an execution unless by law specifically made subject to attachment notwithstanding such exemption. It is not claimed that trust income has by specific provision of law been made subject to attachment. Subdivision 1 of section 684 of the Civil Practice Act permits the issuance of an execution against income from trust funds but declares expressly that the execution shall not exceed 10% of such income. Section 6202 of the Civil Practice Law and Rules contains substantially the same limitation on property subject to attachment as that provided for in section 912 of the Civil Practice Act. Similarly subdivisions (d) and (e) of section 5205 of the Civil *726 Practice Law and Buies exempt 90% of trust income from application to the satisfaction bf a money judgment. The petitioner argues that the present proceeding is governed by section 10003 of the Civil Practice Law and Bules; the respondent, on the other hand, urges that since the petitioner’s action was begun and the levy under the warrant of attachment which was issued in it occurred before September 1, 1963, the Civil Practice Act applies. Both sides invoke section 10003 of the Civil Practice Law and Buies in support of their opposing positions. This question need not be resolved, for, as we have shown, both the Civil Practice Act and the Civil Practice Law and Buies limit attachable property to that which may be reached by execution and both exempt 90% of trust income from execution. Since the provisions are thus substantially the same, it is immaterial whether we apply the Civil Practice Act or the Civil Practice Law and Buies to determine the immediate issue.
The narrow question to be decided is whether the income from these two trusts is subject to attachment and, if so, to what extent. Though the trusts may in many respects be controlled by the law of Connecticut, so far as the right to attachment is concerned we are required to apply the law of New York. Attachment is a matter of remedy, and questions affecting it must therefore be ruled by the law of the forum (Morris Plan Ind. Bank of N. Y. v. Gunning, 295 N. Y. 324, 331-332; 3 Beale, Conflict of Laws, pp. 1604-1605; Restatement, Conflict of Laws, §§ 590, 600; see Chicago, Rock Is. etc. Ry. v. Sturm, 174 U. S. 710, 717-718).
Morris Plan (295 N. Y. 324, supra) presented a closely analogous situation. Cunning, a resident of Pennsylvania, worked in that State and his wages were payable there. Morris Plan recovered a judgment against Cunning in Pennsylvania; it brought suit on this judgment in New York and obtained a warrant of attachment under which a levy was made on his wages earned and payable in Pennsylvania. Though the law of the latter State has for many years forbidden any garnishment or attachment of wages, the court nevertheless held Cunning’s Pennsylvania wages subject to attachment in New York. The attachment and garnishment statutes must be read together (p. 331) and, when so read, no more than 10% of the wages were subject to attachment. It follows that only 10% of the income of the two Wheat trusts may be levied upon under the petitioner’s attachment. Pray v. Boissevain (27 Misc 2d 703) is to like effect. The respondent will, therefore, be directed to pay *727 over 10% of the income on hand and hereafter accruing. This disposition is without prejudice to the petitioner’s right to reach any part of the income of the trusts in excess of 10% by other action or proceeding, as she may be advised.